IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| FRONTIER COMMUNICATIONS | § | CIVIL ACTION NO. _____ |
| CORPORATION, LOCAL.COM | § | |
| CORPORATION, DEX ONE | § | **JURY TRIAL DEMANDED** |
| CORPORATION, WINDSTREAM | § | |
| COMMUNICATIONS, INC., YELLOW | § | |
| BOOK USA, INC., INTELIUS, INC., | § | |
| CENTER'D CORPORATION, IDC | § | |
| NETWORKS, INC., GO2 MEDIA, INC., | § | |
| HELLOMETRO INCORPORATED, | § | |
| MAGICYELLOW, INC., SOLFO, INC., | § | |
| YELP!, INC. and CITYGRID MEDIA, LLC, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff GEOTAG INC. ("Plaintiff") files this Original Complaint against Defendants

FRONTIER COMMUNICATIONS CORPORATION, LOCAL.COM CORPORATION, DEX ONE

CORPORATION, WINDSTREAM COMMUNICATIONS, INC., YELLOW BOOK USA, INC.,

INTELIUS, INC., CENTER'D CORPORATION, IDC NETWORKS, INC., GO2 MEDIA, INC.,

HELLOMETRO INCORPORATED, MAGICYELLOW, INC., SOLFO, INC., YELP!, INC. and

CITYGRID MEDIA, LLC (collectively "Defendants"), and would respectfully show the Court as

follows:

## I.  THE PARTIES

1.     Plaintiff is a corporation organized and existing under the laws of the state of

Delaware with its principal offices in Plano, Texas.

2.      Upon information and belief, Defendant FRONTIER COMMUNICATIONS CORPORATION ("Frontier") is a Delaware corporation with a principal place of business in Stamford, Connecticut.  Frontier may be served with process through its registered agent,  CT Corporation System, 1 Corporate Center, Floor 11, Hartford, CT  06103-3204.

3.      Upon information and belief, Defendant LOCAL.COM CORPORATION ("Local.com") is a Delaware corporation with a principal place of business in Irvine, California. Local.com may be served with process through its registered agent, Brenda Agius, 1 Technology Drive, Building G, Irvine, California 92618.

4.      Upon information and belief, Defendant DEX ONE CORPORATION ("Dex One") is a Delaware corporation with a principal place of business in Cary, North Carolina.  Dex One may be served with process through its registered agent, CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, North Carolina 27601.

5.      Upon information and belief, Defendant WINDSTREAM COMMUNICATIONS, INC. ("Windstream") is a Delaware corporation with a principal place of business in Little Rock, Arkansas.  Windstream may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

6.      Upon information and belief, Defendant YELLOW BOOK USA, INC. ("Yellow Book") is a Delaware corporation with a principal place of business in Uniondale, New York. Yellow Book may be served with process through its registered agent, CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

7.      Upon information and belief, Defendant INTELIUS, INC. ("Intelius") is a Delaware corporation with a principal place of business in Bellevue, Washington.  Intelius may be served with

process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX  75201.

8.     Upon information and belief, Defendant CENTER'D CORPORATION ("Center'd") is a Delaware corporation with a principal place of business in Menlo Park, California.  Center'd may be served with process through its registered agent, Dan Hansen, 525 Middlefield Road, Suite 250, Menlo Park, California 94025.

9.     Upon information and belief, Defendant IDC NETWORKS, INC.  ("IDC") is a South Dakota corporation with a principal place of business in Sioux Falls, SD.  IDC may be served with process through its registered agent, Brian J. Bauer, 5027 S. Western Avenue, Suite 200, Sioux Falls, SD  57108-2663.

10.     Upon information and belief, Defendant GO2 MEDIA, INC. ("Go2") is a Delaware corporation with a principal place of business in Boston, Massachusetts.  Go2 may be served with process through its registered agent, William J. Fitzgerald, 20 University Road, Suite 450, Cambridge, Massachusetts 02138.

11.     Upon information and belief, Defendant HELLOMETRO INCORPORATED ("Hello Metro") is a Kentucky corporation with a principal place of business in Louisville, Kentucky.  Hello Metro may be served with process through its registered agent, Clark M. Scott, III, 455 South 4th Street, Suite 310, Louisville, Kentucky 40202.

12.     Upon information and belief, Defendant MAGICYELLOW, INC. ("MagicYellow") is a Nevada corporation with a principal place of business in Las Vegas, NV.  MagicYellow may be served with process through its registered agent, GG International, 7260 W. Azure Drive, Suite 140-212, Las Vegas, NV  89130

13.     Upon information and belief, Defendant SOLFO, INC. ("Solfo") is a California corporation with a principal place of business in Burbank, California.  Solfo may be served with process through its registered agent, Lurie, Zepeda, Schmalz & Hogan, 9107 Wilshire Blvd #800, Beverly Hills, California 90210.

14.     Upon information and belief, Defendant YELP!, INC. ("Yelp!") is a Delaware corporation with a principal place of business in San Francisco, California.  Yelp! may be served with process through its registered agent, National Registered Agents, Inc., 16055 Space Center Boulevard, Suite 235, Houston, Texas 77062.

15.     Upon information and belief, Defendant CITYGRID MEDIA, LLC ("CityGrid") is a Delaware corporation with a principal place of business in West Hollywood, CA  CityGrid may be served with process through its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, TX  77062.

## II.  JURISDICTION AND VENUE

16.     This is an action for infringement of a United States patent under 35 U.S.C. § 271 and § 281.  This Court has exclusive jurisdiction of such action under 28 U.S.C. § 1338(a).

17.     Plaintiff is informed and believes, and thereon alleges, that each and all of the Defendants have committed acts of patent infringement alleged herein within the Marshall Division of the Eastern District of Texas.

18.     Upon information and belief, each and all of the Defendants have sufficient minimum contacts with the State of Texas and the Marshall Division of the Eastern District of Texas such that this Court has personal jurisdiction over each and all of the Defendants and this is a fair and reasonable venue for the litigation of this action.  Each of the Defendants has committed such purposeful acts and/or transactions in Texas that it reasonably should know and expect that it could

be haled into this Court as a consequence of such activity.  Upon information and belief, each and all

of the Defendants have transacted business, and at the time of the filing of this Complaint are

transacting business, within the Marshall Division of the Eastern District of Texas.  For these

reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)

and (c) and 28 U.S.C. § 1400(b).

19.     Further, venue of this action is appropriate and convenient in the Marshall Division

because this Court previously heard a parallel action for infringement of the same '474 Patent-in-

suit, in *Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et al.*, Civil Action

No. 2:06-CV-00475-CE, in the United States District Court for the Eastern District of Texas,

Marshall Division ("the Geomas Lawsuit").  In the Geomas Lawsuit this Court considered and

construed the terms and claims of the present patent-in-suit, as set forth in the Court's claim-

construction (or *Markman*) Memorandum Opinion and Order issued on November 20, 2008.

### III.  PATENT INFRINGEMENT

20.     On July 27, 1999, United States Patent No. 5,930,474 ("the '474 Patent") was duly

and legally issued.  The '474 is titled "Internet Organizer for Accessing Geographically and

Topically Based Information" and is directed to a software interface which organizes information

based on the geographical area of the resources about which the information is desired.  A true and

correct copy of the '474 Patent is attached hereto as Exhibit "A" and incorporated herein by

reference.  Generally, the '474 Patent discloses systems and methods for integrating geographically

organized data with topical data to help Internet users find information on the Internet quickly and

efficiently.  The invention also allows a seller to make his goods or services available upon a user-

search predicated on varying geographic levels (*e.g.,* city, state, *etc.*).

21.     By assignment, GEOTAG INC. is the owner of all right, title and interest in and to the '474 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '474 Patent.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '474 Patent by these Defendants.

22.     Upon information and belief, each and all of the Defendants have manufactured, made, marketed, sold, and/or used computer networks, systems, products and/or services comprising all of the elements and limitations of one or more of the claims of the '474 Patent, and therefore each and all of the Defendants have infringed one or more claims of the '474 Patent; and/or have induced and/or contributed to the infringement of one or more of the claims of the '474 Patent by others.

23.     Each Defendant's infringing conduct is based, at least in part, on such Defendant's making, using, distributing, and/or selling or offering for sale, a system for providing geographical and topical information to Internet users in a manner disclosed and protected against infringement by one or more claims of the '474 Patent.

24.     More specifically, on information and belief, Defendant Frontier, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its website http://www.frontierpages.com/SelectRegion.asp.

25.     More specifically, on information and belief, Defendant Local.com, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale,

distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its website www.local.com.

26.     More specifically, on information and belief, Defendant Dex One, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its website www.dexknows.com.

27.     More specifically, on information and belief, Defendant Windstream, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its website www.windstreamyellowpages.com.

28.     More specifically, on information and belief, Defendant Yellow Book, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its website www.yellowbook.com.

29.     More specifically, on information and belief, Defendant Intelius, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its websites www.theyellowpages.com and www.yb.com.

30.     More specifically, on information and belief, Defendant Center'd, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its website www.centerd.com.

31.     More specifically, on information and belief, Defendant IDC, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its website www.quickyellow.com.

32.     More specifically, on information and belief, Defendant Go2, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its website www.go2.com.

33.     More specifically, on information and belief, Defendant Hello Metro, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its website www.hellometro.com.

34.     More specifically, on information and belief, Defendant Magic Yellow, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale,

distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its website www.magicyellow.com.

35.     More specifically, on information and belief, Defendant Solfo, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its websites www.solfo.com and www.yellowbot.com.

36.     More specifically, on information and belief, Defendant Yelp!, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its website www.yelp.com.

37.     More specifically, on information and belief, Defendant CityGrid, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its websites www.insiderpages.com, www.citysearch.com and www.urbanspoon.com.

38.     Plaintiff has been damaged as a result of each and all of the Defendants' infringing conduct.  Each of the Defendants is thus liable to Plaintiff for damages in an amount that adequately compensates for such Defendant's infringement, *i.e.*, in an amount that by law cannot be less than

would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

39.     Upon information and belief, each and all of the Defendants will continue their infringement of one or more claims of the '474 Patent unless enjoined by the Court. Each and all of the Defendants' infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV.  JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a.     Judgment that one or more claims of United States Patent No. 5,930,474 have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.     Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

c.     That Defendants' infringement be found to be willful from the time Defendants became aware of the infringing nature of its services [which is the time of filing of Plaintiff's Complaint at the latest] and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

d.     That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e.     That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

f.     That Defendants be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 5,930,474; and

g.      That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:    July 23, 2010.**                              Respectfully submitted,

/s/ Jonathan T. Suder
State Bar No. 19463350
David A. Skeels
State Bar No. 24041925
FRIEDMAN, SUDER & COOKE, P.C.
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
Fax (817) 334-0401
jts@fsclaw.com
skeels@fsclaw.com

Paul E. Knisely
State Bar No. 11614550
pek@knp-law.com
Thomas P. Prehoditch
State Bar No. 16245610
tpp@knp-law.com
Jason M. Panzer
State Bar No. 00797198
jpanzer@knp-law.com
KNISELY, PREHODITCH & PANZER, P.C.
9020 Capital of Texas Hwy. N.
Building I, Suite 300
Austin, Texas 78759
(512) 338-8800
(512) 338-8806 (fax)

Mark D. Strachan
State Bar No. 19351500
mstrachan@swtriallaw.com
Shawn Long
State Bar No. 24047859
slong@swtriallaw.com
SAYLES/WERBNER
*A Professional Corporation*
1201 Elm Street, Suite 4400
Dallas, Texas 75270
(214) 939-8700
(214) 939-8787 (fax)

**ATTORNEYS FOR PLAINTIFF**

n:\clients\mj\geotag\pleadings\frontier\complaint.final.doc