**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| GEOTAG, INC., </br></br>                Plaintiff, </br></br>v. </br></br>FRONTIER COMMUNICATIONS CORPORATION, LOCAL.COM CORPORATION, DEX ONE CORPORATION, WINDSTREAM COMMUNICATIONS, INC., YELLOW BOOK USA, INC., INTELIUS, INC., CENTER'D CORPORATION, IDC NETWORKS, INC., GO2 MEDIA, INC., HELLOMETRO INCORPORATED, MAGICYELLOW, INC., SOLFO, INC., </br></br>                Defendants. | CASE NO. 2:10-CV-00265-TJW </br></br>Hon. T. John Ward </br></br>**JURY TRIAL DEMANDED** |

**DEFENDANT CITYGRID MEDIA, LLC'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant CityGrid Media, LLC ("CityGrid") answers plaintiff GeoTag, Inc.'s ("GeoTag") Original Complaint ("Complaint") as follows, denying GeoTag's allegations and averments except as specifically admitted herein:

## I. THE PARTIES

1.     CityGrid lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

2.     The allegations of paragraph 2 are not directed to CityGrid, and therefore no answer is required. To the extent a response is required, CityGrid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. The allegations of paragraph 3 are not directed to CityGrid, and therefore no answer is required. To the extent a response is required, CityGrid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4. The allegations of paragraph 4 are not directed to CityGrid, and therefore no answer is required. To the extent a response is required, CityGrid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5. The allegations of paragraph 5 are not directed to CityGrid, and therefore no answer is required. To the extent a response is required, CityGrid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6. The allegations of paragraph 6 are not directed to CityGrid, and therefore no answer is required. To the extent a response is required, CityGrid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7. The allegations of paragraph 7 are not directed to CityGrid, and therefore no answer is required. To the extent a response is required, CityGrid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8. The allegations of paragraph 8 are not directed to CityGrid, and therefore no answer is required. To the extent a response is required, CityGrid is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9. The allegations of paragraph 9 are not directed to CityGrid, and therefore no answer is required. To the extent a response is required, CityGrid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. The allegations of paragraph 10 are not directed to CityGrid, and therefore no answer is required. To the extent a response is required, CityGrid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11. The allegations of paragraph 11 are not directed to CityGrid, and therefore no answer is required. To the extent a response is required, CityGrid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. The allegations of paragraph 12 are not directed to CityGrid, and therefore no answer is required. To the extent a response is required, CityGrid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13. The allegations of paragraph 13 are not directed to CityGrid, and therefore no answer is required. To the extent a response is required, CityGrid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14. The allegations of paragraph 14 are not directed to CityGrid, and therefore no answer is required. To the extent a response is required, CityGrid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15. CityGrid admits the allegations of paragraph 15.

## II.  JURISDICTION AND VENUE

16. CityGrid admits that GeoTag's Complaint alleges infringement under the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims.

17. To the extent the remaining allegations of paragraph 17 are directed at CityGrid, they are denied. To the extent the allegations of paragraph 17 are directed to other defendants, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

18. CityGrid admits that it transacts business in the State of Texas and this District for the purposes of this particular action, that this Court has personal jurisdiction over it in this particular action, and that venue is proper in this District for purposes of this particular action, although it reserves its rights to move the Court to transfer this action to another venue pursuant to 28 U.S.C. § 1404, at a minimum. To the extent the remaining allegations of paragraph 18 are directed at CityGrid, they are denied. To the extent the allegations of paragraph 18 are directed to other defendants, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

19. CityGrid is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

## III.  PATENT INFRINGEMENT

20. CityGrid admits that U.S. Patent No. 5,930,474 (the "'474 Patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information" and appears

to have been issued on July 27, 1999.  CityGrid admits that a document that purports to be a true and correct copy of the '474 Patent is attached to GeoTag's Complaint as Exhibit "A."  CityGrid is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20, and therefore denies them.

21.     CityGrid is without knowledge or information sufficient to form a belief as to the allegations of paragraph 21 and therefore denies them.

22.     To the extent the allegations of paragraph 22 are directed at CityGrid, they are denied.  To the extent the allegations of paragraph 22 are directed to other defendants, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

23.     To the extent the allegations of paragraph 23 are directed at CityGrid, they are denied.  To the extent the allegations of paragraph 23 are directed to other defendants, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

24.     Because the allegations of paragraph 24 are directed to another defendant, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

25.     Because the allegations of paragraph 25 are directed to another defendant, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

26.     Because the allegations of paragraph 26 are directed to another defendant, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

27.     Because the allegations of paragraph 27 are directed to another defendant, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

28.     Because the allegations of paragraph 28 are directed to another defendant, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

29. Because the allegations of paragraph 29 are directed to another defendant, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

30. Because the allegations of paragraph 30 are directed to another defendant, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

31. Because the allegations of paragraph 31 are directed to another defendant, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

32. Because the allegations of paragraph 32 are directed to another defendant, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

33. Because the allegations of paragraph 33 are directed to another defendant, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

34. Because the allegations of paragraph 34 are directed to another defendant, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

35. Because the allegations of paragraph 35 are directed to another defendant, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

36. Because the allegations of paragraph 36 are directed to another defendant, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

37. CityGrid denies the allegations of paragraph 37.

38. To the extent the allegations of paragraph 38 are directed at CityGrid, they are denied. To the extent the allegations of paragraph 38 are directed to other defendants, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

39. To the extent the allegations of paragraph 39 are directed at CityGrid, they are denied. To the extent the allegations of paragraph 39 are directed to other defendants, CityGrid lacks sufficient information to admit or deny the allegations and therefore denies them.

## V.  PRAYER FOR RELIEF

CityGrid denies that GeoTag is entitled to any of the requested relief and denies any allegations in its prayer for relief.

## AFFIRMATIVE DEFENSES

CityGrid alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that it would not otherwise have.  In addition to the affirmative defenses described below and subject to its responses above, CityGrid specifically reserves all rights to allege additional defenses, affirmative or otherwise, that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE: Non-Infringement of the '474 Patent

CityGrid does not infringe and has not infringed (not directly, contributorily, by inducement, or in any other way) literally or under the doctrine of equivalents any claim of the '474 Patent.

### SECOND AFFIRMATIVE DEFENSE: Invalidity of the '474 Patent

The claims of the '474 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including but not limited to §§ 101, 102, 103, 112 and 132.

### THIRD AFFIRMATIVE DEFENSE: Waiver, Acquiescence and/or Consent

GeoTag's claims of infringement under the '474 Patent are barred, in whole or in part, by the doctrines of waiver, acquiescence and/or consent.

### FOURTH AFFIRMATIVE DEFENSE: Unclean Hands

GeoTag's claims of infringement under the '474 Patent are barred, in whole or in part, by unclean hands.

### FIFTH AFFIRMATIVE DEFENSE: Laches

GeoTag's claims of infringement under the '474 Patent are barred, in whole or in part, by laches.

### SIXTH AFFIRMATIVE DEFENSE: Estoppel

GeoTag's claims of infringement under the '474 Patent are barred, in whole or in part, by the doctrines of equitable estoppel and/or prosecution history estoppel.

### SEVENTH AFFIRMATIVE DEFENSE: Bar to Damages

GeoTag's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation), 35 U.S.C. § 287 (marking), and 28 U.S.C. § 1498 (government manufacture and use).

### EIGHTH AFFIRMATIVE DEFENSE: Failure to State a Claim

GeoTag's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, because GeoTag's Complaint fails to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### NINTH AFFIRMATIVE DEFENSE: No Injunctive Relief

GeoTag is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and no irreparable injury.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, CityGrid asserts the following Counterclaims against GeoTag:

## THE PARTIES

1.     Counterclaim-Plaintiff CityGrid is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business located at 8833 West Sunset Blvd., West Hollywood, California 90069.

2.     Counterclaim-Defendant GeoTag purports to be a Delaware corporation with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

3.     Subject to CityGrid's affirmative defenses and denials, CityGrid alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this district.

4.     This Court has personal jurisdiction over GeoTag.

## FACTUAL BACKGROUND

5.     In its Complaint for Patent Infringement, GeoTag asserts that CityGrid has infringed the '474 Patent. CityGrid denies GeoTag's allegations of infringement and further denies that the '474 Patent is valid. Consequently, there is an actual case or controversy between the parties over the non-infringement and/or invalidity of the '474 Patent.

## COUNT ONE

### Declaratory Judgment of Non-Infringement of the '474 Patent

6.     CityGrid restates and incorporates by reference its allegations in paragraphs 1 through 5 of its Counterclaims.

7.     An actual case or controversy exists between CityGrid and GeoTag as to whether the '474 Patent is not infringed by CityGrid.

8. CityGrid seeks a judicial declaration finding that CityGrid has not infringed and does not infringe, directly or indirectly, any claim of the '474 Patent.

## COUNT TWO

## Declaratory Judgment of Invalidity of the '474 Patent

10. CityGrid restates and incorporates by reference its allegations in paragraphs 1 through 9 of its Counterclaims.

11. An actual case or controversy exists between CityGrid and GeoTag as to whether the '474 Patent is invalid.

12. CityGrid seeks a judicial declaration finding that the '474 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of Title 35, including but not limited to, §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, CityGrid prays for judgment as follows:

a. A judgment in favor of CityGrid denying GeoTag all relief requested in its Complaint in this action and dismissing GeoTag's Complaint for patent infringement with prejudice;

b. A judgment in favor of CityGrid on all of its Counterclaims;

c. A declaration that CityGrid has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '474 Patent;

d. A declaration that the '474 Patent is invalid;

e. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to CityGrid of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

f. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, CityGrid respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  September 20, 2010

Respectfully submitted,

By: */s/ Michael E. Jones*
Michael E. Jones
Texas State Bar No. 10929400
Allen F. Gardner
Texas State Bar No. 24043679
POTTER MINTON
A PROFESSIONAL CORPORATION
110 N. College
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email: mikejones@potterminton.com
Email: allengardner@potterminton.com

**ATTORNEYS FOR CITYGRID MEDIA, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **DEFENDANT CITYGRID MEDIA, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO GEOTAG, INC.'S ORIGINAL COMPLAINT**, via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 20, 2010.  Any other counsel of record will be served via First Class U.S. Mail on this same date.


By: */s/ Michael E. Jones*
Michael E. Jones