IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: 2:10-cv-265 |
| | § | |
| FRONTIER COMMUNICATIONS | § | **ORAL ARGUMENT REQUESTED** |
| CORPORATION, LOCAL.COM | § | |
| CORPORATION, DEX ONE | § | |
| CORPORATION, WIND STREAM | § | |
| COMMUNICATIONS, INC., YELLOW | § | |
| BOOK USA, INC., INTELLIUS, INC., | § | |
| CENTER'D CORPORATION, IDC | § | |
| NETWORKS, INC., G02 MEDIA, INC., | § | |
| HELLOMETRO INCORPORATED, | § | |
| MAGICYELLOW, INC., SOLFO, INC., | § | |
| YELP!, INC. and CITYGRID MEDIA, LLC | § | |
| | § | |
|     Defendants. | § | |

**DEFENDANT SOLFO, INC.'S MOTION TO
TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)
AND BRIEF IN SUPPORT**

**GROUNDS FOR MOTION**

Defendant SOLFO, Inc. ("SOLFO") moves this Court for an order transferring this action to the Western Division of the United States District Court for the Central District of California in Los Angeles, California, pursuant to 28 U.S.C. § 1404(a) (the "Motion").

In support of its Motion, SOLFO has filed the Affidavit of Erron Silverstein ("Silverstein") and a copy is attached as Exhibit 1 to this Motion. As set forth in Mr. Silverstein's affidavit, SOLFO has no contact whatsoever with the state of Texas or with the Eastern District of Texas. The United States District Court for the Central District of California is clearly a more convenient forum for this proceeding since, among other reasons, none of the defendants in this proceeding are located in the state of Texas. Conversely, five of the fourteen

named defendants in this action have their principal places of business located in the state of California. SOLFO therefore requests that this Court enter an order transferring this action to the Western Division of the United States District Court for the Central District of California in Los Angeles, California.

## REQUEST FOR ORAL ARGUMENT

Pursuant to United States District Court for the Eastern District of Texas Local Rule C-7(g), SOLFO hereby requests an oral hearing on this Motion for an order transferring this action to the Western Division of the United States District Court for the Central District of California.

## BRIEF IN SUPPORT OF MOTION TO TRANSFER

## I. PRELIMINARY STATEMENT

Plaintiff GEOTAG, Inc. ("GEOTAG") filed its Complaint in this proceeding alleging claims for patent infringement against non-resident Defendant SOLFO, Inc. ("SOLFO") and thirteen other non-resident defendants based on allegations that defendants "manufactured, made, marketed, sold, and/or used computer networks, systems, products and/or services" in the Eastern District of Texas. Notwithstanding the falsity of such allegations, this District is an inconvenient forum to adjudicate GEOTAG's claims because most of the defendants, witnesses and evidence in this case are located in California. SOLFO therefore respectfully requests that this Court transfer this action to the Western Division of the Central District of California in Los Angeles, California.

## II. FACTUAL BACKGROUND

**A.     Summary Of The Complaint**

On or about July 23, 2010, Plaintiff GEOTAG, Inc. ("GEOTAG") filed its Complaint ("Complaint") in this proceeding, alleging claims for patent infringement against fourteen (14)

named defendants, including Defendant SOLFO, Inc. ("SOLFO").

The Complaint alleges that GEOTAG is, by assignment, the owner of United States Patent No. 5,930,474 (the "Patent") which was issued on July 27, 1999. (Complaint, ¶¶ 20, 21). The Patent is titled "Internet Organizer for Accessing Geographically and Topically Based Information" and is directed to a software interface which organizes information based on the geographical area of the resources about which the information is desired. (Id., ¶ 20). Generally, the Patent discloses systems and methods for integrating geographically organized data with topical data to help Internet users find information on the Internet quickly and efficiently. The invention also allows a seller to make his goods or services available upon a user-search predicated on varying geographic levels (e.g., city, state, etc.). (Id.).

GEOTAG alleges that all of the Defendants have manufactured, made, marketed, sold, and/or used computer networks, systems, products and/or services comprising all of the elements and limitations of one or more of the claims of the Patent and therefore each and all of the Defendants have infringed one or more claims of the Patent; and/or have induced and/or contributed to the infringement of one or more of the claims of the Patent by others. (Complaint, ¶ 22).

GEOTAG alleges that each Defendant makes, uses, distributes, and/or sells or offers for sale, a system for providing geographical and topical information to Internet users in a manner disclosed and protected against infringement by one of more claims of the Patent. (Complaint, ¶ 23). More specifically, GEOTAG contends that SOLFO manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the Patent, including those available on its websites www.solfo.com and www.yellowbot.com.

(Complaint, ¶ 35).

Five of the fourteen named defendants in the Complaint have principal places of business in California. None of the named defendants has a principal place of business in Texas. (Complaint, ¶¶ 2-15).

**B.    SOLFO**

On or about July 6, 2005, the California Secretary of State issued Articles of Incorporation for ESEFAS, Inc. ("ESEFAS"). (Affidavit of Erron Silverstein ("Silverstein Aff., ¶ 2). On March 17, 2008, ESEFAS changed its name, and the California Secretary of State issued a Certificate of Amendment to the Articles of Incorporation, changing the corporation's name to SOLFO.[1]  (Id., ¶ 3). At all times since its formation through the present, SOLFO'S principal place of business and its only office have been located in the City of Burbank, County of Los Angeles, in the State of California. SOLFO's principal place of business and only office is presently located at 150 E. Olive Boulevard, #308, in Burbank, California 91502. SOLFO currently has 8 full time employees, 3 of whom are also officers and directors of SOLFO. All of SOLFO's employees, officers and directors are residents of the State of California. (Id.).

SOLFO has never manufactured, and does not currently manufacture, any products or consumer goods. (Silverstein Aff., ¶ 14). SOLFO has also never sold, and does not currently sell, any products or consumer goods to any location including, but not limited to, Texas. SOLFO has never distributed any products or consumer goods to any location including, but not limited to, Texas. (Id.).

SOLFO is not registered to engage or conduct business in Texas and has never had any office, employees or agents in Texas. (Silverstein Aff., ¶ 5). SOLFO does not maintain any bank accounts in the State of Texas. SOLFO does not own, lease or rent any real estate or

---

[1] The term "SOLFO" shall hereinafter refer to SOLFO, INC. and ESEFAS, Inc.

buildings in the State of Texas. SOLFO does not advertise by television, newspaper or magazine in the State of Texas and has never actively solicited business in the State of Texas. SOLFO does not have any telephone listing in the State of Texas. SOLFO has never filed a lawsuit in the State of Texas and, except for the present case, has never appeared as a defendant in any lawsuit filed in the State of Texas. (Id.).

C.    **The YellowBot And Solfo Websites.**

At all times since its formation in 2005 through the present, SOLFO has developed and created an Internet website, commonly known as "YellowBot", which is located on the World Wide Web at www.Yellowbot.com (the "YellowBot Website") (Silverstein Aff., ¶ 6). The YellowBot Website is an on-line business directory which includes a search engine that allows users to find local businesses by entering information into two windows on the website. In the first box, the user must type in "what" type of store, restaurant or other commercial establishment he or she wants to find, i.e., the name of a business or a keyword to identify the business such as "pizza parlor". In the second box, the user must type in "where" they want to find the business that was typed into the first box, i.e., by city or zip code. Once both search criteria have been entered, the user clicks on the "find" button and a list of results matching the search criteria will appear. (Id., ¶ 6, Ex. "C"). The user can click on any of the businesses in the search results to obtain the address and telephone number of the business. The user will then be directed to a listing page for the business which shows a map depicting the location of the business. The listing for the business also shows reviews, comments and ratings which other users have written and posted about the business. To post a review or comment about a business, the user must create a username and password on the YellowBot Website. The owners of any business profiled on the YellowBot Website may, at their discretion, modify or update the

contact information for their business (address, telephone number, e-mail, etc.) and/or respond to customer reviews. (Id., ¶ 6, Ex. "D"). The function and purpose of the YellowBot Website is to facilitate the exchange of thoughts and ideas between local businesses and their customers. (Id.).

SOLFO also owns and maintains an Internet website located at www.solfo.com (the "Solfo Website") which provides general company information about SOLFO including, but not limited to, business contact information and announcements regarding opportunities for employment. (Silverstein Aff., ¶ 7) The Solfo Website includes a hyperlink to the YellowBot Website, but does not include any search functionality which is featured on the YellowBot Website. (Id., ¶ 7, Ex. "E"). The host computers for SOLFO's YellowBot and Solfo Websites are located in the County of Los Angeles. (Id.).

SOLFO does not charge a fee to use the YellowBot Website. (Silverstein Aff., ¶ 8). SOLFO generates income by running advertisements from third parties, i.e., Google and CitySearch, on YellowBot's Website and by selling information that SOLFO gathers from other websites on the World Wide Web to third parties. (Id.). SOLFO does not have, nor has it ever had, any advertising customers in the State of Texas. (Id.). Additionally, SOLFO does not sell, nor has it ever sold, any information that it gathers from other websites on the World Wide Web to any party located in the State of Texas. (Id.).

All of SOLFO's books, records and other documents relating to SOLFO's business and the YellowBot and Solfo Websites are located in California. (Silverstein Aff., ¶ 9)

### III.  LEGAL ARGUMENT

### A.  THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a).

If the Court does not grant SOLFO's concurrently filed motion to dismiss for lack of personal jurisdiction or improper venue, it should transfer this action to the Western Division of the Central District of California in Los Angeles, California, pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a).

The standard enunciated by the Fifth Circuit is clear and simple:  A motion to transfer venue should be granted if the proposed venue is "clearly more convenient" than the venue chosen by the plaintiff.  In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*).  There, the Fifth Circuit made this telling observation:

> The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a).

(citations omitted).  The general venue statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts.  But the open door may admit those who seek not simply justice but perhaps justice blended with some harassment.  Id. at 313.

Recognizing the need to protect defendants from inconvenient forums, the Volkswagen court established a balancing test between private and public interests to determine when transfer is appropriate. Id. at 315 (citations omitted). The private factors are: 1) the relative ease of access

to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public factors include: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interest decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law.

When balancing these factors, no one factor "can be said to be of dispositive weight." Id. (citations omitted). Further, the plaintiff's choice of venue is NOT to be considered as a distinct factor in the § 1404(a) analysis. In re TS Tech USA Corp., 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citations omitted); see also Volkswagen, 545 F.3d at 315. After weighing the private and public interest factors, a motion to transfer should be granted "when the movant demonstrates that the transferee venue is clearly more convenient." Id.

### 1. This Action Could Have Been Brought in the Central District of California.

Based on the allegations in GEOTAG's Complaint, all defendants in this proceeding operate and maintain Internet websites which infringe upon GEOTAG's patent and are therefore publicly accessible not only in the State of Texas, but throughout the country and the world. If this Court determines, contrary to the legal authorities cited in Heading A. 1, supra, that the alleged conduct subjects all defendants to general jurisdiction across the country and nationwide service of process, all defendants are necessarily subject to personal jurisdiction in the State of California. This lawsuit therefore could have been, and based on the factors set forth below should have been, filed in the Western Division of the United States District Court for the Central District of the State of California. The Court's analysis must therefore focus exclusively on weighing the private and public interest factors. Volkswagen, 545 F.3d at 313.

### 2. The Private Factors Establish The Central District Of California As The More Convenient Venue.

    a.    The Relative Ease of Access to Sources of Proof.

28 U.S.C. § 1400(b) provides that "any civil action for patent infringement may be brought in the judicial district where the defendant resides." SOLFO is a California corporation and it maintains its corporate headquarters in Burbank, California. (Silverstein Aff., ¶ 3). Of the fourteen defendants in this proceeding, five (5) – including SOLFO – have their principal places of business in California. None of the defendants in this proceeding are organized under the laws of the State of Texas or have a regular or established place of business in the State of Texas. (Complaint, ¶¶ 2-15). As already established, virtually all of SOLFO's relevant evidence is located in California. (Silverstein Aff., ¶¶ 3, 7, 9). Given that none of the other defendants in this action have principal places of business in Texas, it is likely that any evidence in their possession which is relevant to GEOTAG's claims in this case is not located in Texas. As this Court well knows, in any patent case, particularly those patent cases where the plaintiff does not practice its own patents, the vast majority of the relevant evidence comes from the accused infringer. As a result, where the majority of documents are kept weighs heavily in favor of a transfer to that location. See In re Genentech Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009). Given that the plurality of defendants in this case is located in California, the majority of documents which are relevant to the claims in this action would also presumably be located in California. The burden created by the need to transport evidence and witnesses from California to Texas weighs in favor of transfer out of this District. See Genentech, 566 F.3d at 1346 (finding in favor of transfer when the defendants would incur "a significant and necessary burden" by transporting documents). See also TS Tech, 551 F.3d at 1321 (finding that, "[b]ecause all of the physical evidence . . . and documentary evidence, are far more conveniently located near the

[transferee venue], the district court erred in not weighing this factor in favor of transfer"); Abstrax, Inc. v. Sun Microsystems, Inc., No. 2:07-cv-333, 2009 WL 2824581, at *1-2 (E.D. Tex. Aug. 28, 2009) (transferring case where defendant's manufacturing facility was significantly closer to the transferee forum than to the Eastern District of Texas); *ATEN*, 261 F.R.D. at 124; Fifth Generation Computer Corp. v. Int'l Bus Machs. Corp., No 9:08-cv-205, 2009 WL 398783, at *3 (E.D. Tex. Feb. 17, 2009).

      b.    The Availability of Compulsory Process to Secure Witnesses.

Most of the witnesses known to SOLFO reside near Los Angeles, California. None reside in the Eastern District of Texas. (Complaint, ¶¶ 2-15). Given that none of the named defendants in this proceeding are located in Texas, all likely non-party witnesses in this case are located outside of the State of Texas. Accordingly, this Court has no power to compel any witness to appear live in Texas. This factor therefore weighs in favor of transfer to California.

      c.    The Cost of Attendance for Willing Witnesses.

This factor obviously weighs heavily in favor of California as the preferred venue, when, as here, the distance between the existing venue and the proposed venue is greater than 100 miles. See Genentech, 566 F.3d at 1343. Los Angeles is clearly more than 100 miles from this District, increasing the costs of travel, lodging and meals for defendants' witnesses. As the Volkswagen Court observed, it is obviously more convenient for witnesses to testify at home.

When the distance between the existing venue for trial of a matter and a proposed venue under 1404(a) is more than a 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distances to be traveled. In re Volkswagen AG, 371 F.3d 201, 204-05 (5th Cir. 2004). The Fifth Circuit has said that it is an "obvious conclusion" that it is more convenient for witnesses to testify at home and that additional distance "means additional travel time; additional travel time increases the probability for meal and lodging

expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." Volkswagen, 545 F.3d at 317.

In this case, the closest major airport to Marshall, Texas, is Dallas-Fort Worth International Airport which is approximately 169.59 miles from Marshall, Texas. (Request for Judicial Notice, Ex. A). All defendants and their respective witnesses therefore need to purchase airfare to fly from various locations across the country to Dallas/Fort Worth and then travel an additional 169.59 miles to Marshall, Texas. If this action were transferred to the Western Division of the Central District of California in Los Angeles, all defendants in this action could fly directly to Los Angeles International Airport and would only need to travel 18.49 miles to the courthouse. (Request for Judicial Notice, Ex. B). This factor therefore weighs in favor of transfer to California.

    d. Other Practical Problems That Make A Trial Easy, Expeditious, And Inexpensive.

Transfer out of this District creates no significant burdens or delay. No discovery or scheduling has occurred. No conferences have been held. No depositions have been scheduled. This factor is neutral at best.

  **3.** **The Public Interest Factors Show that the Central District Of California Is More Convenient that The Eastern District Of Texas.**

    a. The Administrative Difficulties Flowing from Court Congestion.

To the extent that court congestion is relevant at all, the speed with which a case can come to trial and be resolved MAY be a factor. Genentech, 566 F.3d at 1347. The most recent statistics indicate that in the Central District of California, it may take up to 29.5 months to reach a bench trial and 35.3 months to reach a jury trial in a patent litigation action, compared to 26.3 months to reach a bench trial and 28.2 months to reach a jury trial in the Marshall Division of the

Eastern District of Texas. (Request for Judicial Notice, Ex. C). Given the marginal differences in the timelines to reach trial in both forums, this factor is neutral.

        b.      The Local Interest in Having Localized Interests Decided At Home.

No local interests exist in the Eastern District of Texas. GEOTAG's office is located in Plano, Texas, which is in the Northern District of Texas – not the Eastern District. (Complaint, ¶ 1). None of GEOTAG's lawyers are located in the Eastern District. (See Complaint). Whatever presence GEOTAG has in the Eastern District is perpetuated for the sole purpose of litigation. "A plaintiff's attempts to manipulate venue in anticipation of litigation or a motion to transfer falls squarely within . . . prohibited activities." In re Hoffmann-LaRoche, Inc., 587 F.3d 1333, 1337 (Fed. Cir. 2009). The only forum with a localized interest is clearly the Central District of California, where most of the defendants in this action are located. Once again, this factor weighs in favor of transfer.

        c.      The Familiarity Of The Forum With Governing Law.

Clearly, both forums are familiar with the applicable legal principles of patent law. Thus, this factor is neutral.

        d.      The Avoidance Of Unnecessary Problems Of Conflict Of Laws Or Application Of Foreign Law.

Federal patent law applies to this infringement action. There is no conflict of law issue, so this factor is similarly neutral.

### IV. CONCLUSION

Based on the foregoing, SOLFO requests that this Court transfer this action to the Western Division of the Central District of California in Los Angeles, California.

DATED: October 13, 2010 Respectfully submitted,

/s/ John T. Gerhart
John T. Gerhart
Texas State Bar No. 00784122

HUNTON & WILLIAMS LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas  75202-2799
Telephone:  (214)979-3000
Facsimile:  (214) 880-0011
Email: jgerhart@hunton.com

ATTORNEYS FOR DEFENDANT
SOLFO, INC.

### CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2010, a true and exact copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties access this filing through the Court's electronic filing system.

/s/John T. Gerhart, Jr.
John T. Gerhart, Jr.

### CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirements in Local Rule CV-7(h). This Motion is opposed by Plaintiff GEOTAG, Inc.  The personal conference required by Rule CV-7(h) was conducted by telephone on October 8, 2010, between counsel for Defendant SOLFO, Inc., Robert W. Denton and counsel for Plaintiff GEOTAG, Inc., David Skeels.  I could not participate in this conference due to a family emergency.  I am informed that GEOTAG's lead trial counsel, Jonathan T. Suder, could not participate in this conference because he was undergoing a surgical procedure.

The parties could not reach an agreement regarding the most convenient forum for GEOTAG's claims in this action.  Counsel for GEOTAG maintains that the Eastern District of Texas is most convenient because GEOTAG is located in the Eastern District of Texas.  Counsel for SOLFO, on the other hand, contends that the Western Division of the Central District of California is the most convenient forum for the claims in this proceeding since none of the defendants in this proceeding are located in the state of Texas and five of the fourteen named defendants in this action have their principal places of business located in the state of California.  The parties' discussions regarding the most convenient forum for GEOTAG's claims in this action have conclusively ended in an unresolved impasse.  The parties therefore request that the Court determine whether the Central District of California provides a more convenient forum for this action.

/s/John T. Gerhart, Jr.
John T. Gerhart, Jr.