IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG INC. | |
| v. | NO. 2:10-CV-265-TJW |
| FRONTIER COMMUNICATIONS CORP., ET AL. | JURY |

## DISCOVERY ORDER

After review of the pleaded claims and defenses in this action, and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures.** By March 22, 2011, and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A. the correct names of the parties to the lawsuit;
    B. the name, address, and telephone number of any potential parties;
    C. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
    D. the name, address and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
    E. any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
    F. any settlement agreements relevant to the subject matter of the action.

2. **Additional Disclosures.** Each party shall provide to every other party the following information:

    A. the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;
    B. to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules, and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By May 23, 2011 the parties' shall make a good faith, diligent production of such documents, with such production being supplemented as necessary until June 30, 2011. The parties agree that the

        scope of discovery afforded under this paragraph is not more limited than the scope of discovery under FRCP 26 or 34; provided, however, that each party reserves the right to object to the scope of discovery permitted herein and seek leave of Court to narrow the permissible scope of discovery; and

    C.     By May 23, 2011, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3. **Testifying Experts.** By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

    A.     the expert's name, address, and telephone number;
    B.     the subject matter on which the expert will testify;
    C.     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting such information;
    D.     if the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;
        (1) all documents, tangible things, models, or data compilations that have been relied upon by the expert relative to the expert's report or testimony; and
        (2) the expert's current resume and bibliography.

4. **Discovery Limitations.** Discovery is limited in this cause to the disclosures described in Paragraphs 1 - 2, together with the following:

    A.     **Requests for Admissions.** The parties may serve requests for admissions in accordance with the Federal Rules of Civil Procedure.

    B.     **Interrogatories.** Each side may serve 20 common interrogatories and each party may serve an additional 20 interrogatories upon each other party.

    C.     **Depositions.** The parties may take depositions in accordance with the Federal Rules of Civil Procedure. Each side may take up to 150 hours of depositions.

    D.     **Document Subpoenas.** The parties may serve document subpoenas in accordance with the Federal Rules of Civil Procedure.

5.     **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without

        revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.

6. **Expert materials.** Drafts of expert reports shall not be discoverable. Notes, memoranda and other writings of an expert shall not be discoverable, except to the extent that the expert relies upon them for his or her opinions. Oral and written communications with an expert shall not be discoverable, except to the extent that the expert relies upon them for his or her opinions. Notwithstanding the foregoing, expert invoices are discoverable.

7. **Pre-trial Disclosures**. By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

   A. The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
   B. The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
   C. An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

7. **Signature**. The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to promptly supplement or correct its disclosures if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

13. **No Excuses**. A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions.

  SIGNED this 11th day of March, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

3