IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

GEOTAG, INC.

       Plaintiff,

       v.

FRONTIER COMMUNICATIONS
COPORATION, ET AL.

       Defendants,

Civil Action No. 2:10-cv-265

TJW

## GEOTAG'S RESPONSE IN OPPOSITION TO SUGGESTION OF BANKRUPTCY BY DEFENDANTS WINDSTREAM COMMUNICATIONS, INC. AND FRONTIER COMMUNICATIONS CORPORATION

Comes now Plaintiff GEOTAG, INC. ("Geotag") and files this, its Response in Opposition to Suggestion of Bankruptcy by Defendants Windstream Communications, Incorporated and Frontier Communications Corporation ("Defendants"), docket number 175. In support thereof, Plaintiff respectfully shows the Court the following:

I. BACKGROUND

As the Court is aware, this case concerns allegations of patent infringement by Defendants. In general, Geotag alleges that Defendants' respective websites infringe claims of the '474 patent owned by Geotag. This case concerns tortious conduct for which Geotag is entitled to redress, including timely cessation of infringing activities.

On April 06, 2011, Defendants filed their "Suggestion of Bankruptcy" in this patent infringement suit wherein they assert that Local Insight Media Holdings, Inc. and certain of its subsidiaries ("Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. They allege that the

1

Chapter 11 cases are currently pending and attach a copy of the voluntary petition of the lead

Debtor, Local Insight Media Holdings, Inc.

In their paragraph entitled "The Agreements," found at page 2, Defendants allege that in

2007 an indirect predecessor to a debtor, The Berry Company LLC ("Berry"), entered into a

"publishing agreement" with an affiliate of Defendant Windstream Communications, Inc. They

also alleged that in 2008, Berry entered into a "master publishing agreement" with affiliates of

Defendant Frontier Communications Corp.  The Berry Company LLC is not a defendant in this

suit.

Defendants allege that the agreements between The Berry Company LLC. and

Defendants' affiliates entitle them to seek indemnity by Berry for the allegations in this suit and

that "continuation of the Geotag Litigation against the Contract Defendants would effectively

allow the Plaintiff to claim property of the Debtors' bankruptcy estates, which is barred by the

automatic stay of section 362 of the Bankruptcy Code." Suggestion of Bankruptcy, at page 4.

Additionally without evidentiary support, Defendants allege that "the Geotag Litigation threatens

to distract the Debtors' key personnel from their usual, substantial, and critical duties as debtors

in possession of the Chapter 11 cases." Suggestion of Bankruptcy, at page 6. They claim that

certain high-level employees, including Berry's legal department, would be forced to focus on

this litigation instead of the bankruptcy. Ibid.

Of course, Berry is not a party to this suit.

In sum, without evidentiary support, Defendants claim that they, thorough affiliates, may

seek indemnity pursuant to an agreement with an indirect predecessor of a party seeking Chapter

11 protection (Berry), and that such a circumstance may implicate Berry's estate, and

inconvenience Berry's high-level personnel and legal staff.  Defendants therefore assert the same

entitlement as Berry to protection of the Delaware Bankruptcy Court's automatic stay.

Defendants do not allege that they have sought a stay of this litigation from the Delaware

Bankruptcy Court.

## II.  STANDARD OF REVIEW

Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the

debtor." 11 U.S.C. § 362(a)(1). The party invoking the stay has the burden to show it is

applicable. See 2 William L. Norton, Jr., NORTON BANKRUPTCY LAW AND PRACTICE § 43:4 (3d

ed. Supp.2010) (noting that in bankruptcy court proceedings, "the party seeking to extend the

stay will bear the burden to show that 'unusual circumstances' exist warranting such an extension

of the stay to a nondebtor"); see also Arnold v. Garlock, Inc., 278 F.3d 426, 436 (5th Cir.2001)

(holding that the defendant had "no interest to establish such an identity [of interests] with [the]

debtor"). The clear language of section 362 has been held not to extend the stay to a non-

bankrupt codefendant or third parties.   Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th

Cir. 1983); see also A.H. Robins Co. v. Piccinin, 788 F. 2d 994, 999 (4th Cir. 1986). By way of

comparison, Chapter 13 specifically authorizes the stay of actions against co-debtors. 11 U.S.C.

§ 1301(a) ("a creditor may not ... commence or continue any civil action ... [against] any

individual that is liable on such debt with the debtor"). No such shield is provided Chapter 11 co-

debtors by § 362(a).

However, "section 362(a)(3) provides that the filing of a petition 'operates as a[n]

[automatic stay] applicable to all entities, of ... any act to obtain possession of property of the

estate or of property from the estate." See Matter of S.I. Acquisition, Inc., 817 F.2d 1142, 1148

(5th Cir.1987) (quoting 11 U.S.C. § 362(a)(3)). The courts recognize that a § 362 stay may apply

to an action by a creditor against other defendants depending on their relationship to the debtor. See Reliant Energy Servs., Inc. v. Enron Canada Corp., 349 F.3d 816, 825 (5th Cir.2003) ("[A] bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt co-defendants where 'there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." (quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir.1986))). The purposes of the bankruptcy stay under 11 U.S.C. § 362 "are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 716 (5th Cir.1985). "By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors." Ibid. "Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors." Arnold v. Garlock, Inc. 278 F.3d 426, 436 (5th Cir.2001). An exception to this general rule does exist, and a bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt co-defendants where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." A.H. Robins Co., 788 F.2d at 999.

The Fifth Circuit recognized the A.H. Robins Co.'s exception in Arnold, but declined to extend it in that case because no claim of a formal tie or contractual indemnification had been made to create an identity of interests between the debtor and nondebtor. 278 F.3d at 436. Also, in Edwards v. Armstrong World Industries, the Fifth Circuit refused to extend the A.H. Robins exception to a surety, holding that a supersedeas bond may be executed against the surety of a

judgment debtor. 6 F.3d 312, 316-17 (5th Cir.1993), *reversed on other grounds*, 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995).

   III. ARGUMENT

   Defendant's Suggestion of Bankruptcy should not impact the court of these proceedings for several reasons:

   First, Berry is not a co-defendant.  Defendants spend significant energy reporting cases concerning non-bankrupt co-defendants, which is clearly not the case here.

   Second, Defendants have failed to demonstrate by evidentiary proof that they are, in fact, the beneficiaries of the alleged indemnity agreement and, even if they are, have not demonstrated any portion of an agreement entitling them to a defense by Berry (possibly implicating Berry's Chapter 11 estate), or demonstrating that a judgment against Defendants is, in effect, a judgment against Berry.

   Third, Defendants provide no authority or evidentiary support, and the undersigned has found none, for the assertion that the "distraction" of this important litigation would cause harm to befall "Debtors' [now extending beyond Berry] bankruptcy estates.

   As discussed below, the Court should deny application of the unrelated automatic stay.

   A.     BERRY IS NOT A CO-DEFENDANT

   As is clear from the pleading in this case, Berry is not a co-defendant.  Defendants cite numerous cases for the proposition that this litigation should be stayed, including Reliant Energy Servs., Inc v. Enron Canada, Corp, A.H. Robbins Co., Inc. v. Piccinin, Arnold v. Garlock, Beran v. World Telemetry, Inc., and Honda Fin. Corp. v. Sayler. Each of these cases concern application of the automatic stay to litigation in which there are debtor and non-debtor co-defendants.  Nowhere in Defendants' Suggestion of Bankruptcy do they cite binding precedent

concerning non-party debtors. The Fifth Circuit, in Edwards v. Armstrong World Industries, has considered the issue of a stay in proceedings where a party sought protection of a non-party debtor's stay—in that case, a surety of a supersedeas bond—and found that the stay did not apply. 6 F.3d 312, 316-17 (5th Cir. 1993), *reversed on other grounds*, 514 U.S. 300, 131 L. Ed. 2d 403, 115 S. Ct. 1493 (1995).  The Court held that "[t]he obligations of a surety are sufficiently independent to provide the basis of an action by the judgment creditor to collect on the bond unfettered by the automatic stay provisions of the Bankruptcy Code."  At best, Defendants have alleged that Berry is a surety. The Court also cited Willis v. Celotex Corp., 978 F.2d 146, 148 (4th Cir.1992), *cert. denied*, 113 S. Ct. 1846, 123 L. Ed. 2d 470 (1993) for the proposition that a "guarantor has a duty "separate from and independent of [the party's] duty to pay the judgments." Ibid.

The clear language of section 362 has been held not to extend the stay to a non-bankrupt codefendant or third parties.   Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th Cir. 1983); see also A.H. Robins Co. v. Piccinin, 788 F. 2d 994, 999 (4th Cir. 1986).

B.      PROOF OF A CLAIM TO BERRY'S ESTATE

Similarly, Defendants have failed to demonstrate by evidentiary proof that they are, in fact, the beneficiaries of the alleged indemnity agreement and, even if they are, have not demonstrated any portion of an agreement entitling them to a defense by Berry (possibly implicating Berry's Chapter 11 estate), or demonstrating that a judgment against Defendants is, in effect, a judgment against Berry.

The party invoking the stay has the burden to show it is applicable. See 2 William L. Norton, Jr., NORTON BANKRUPTCY LAW AND PRACTICE § 43:4 (3d ed. Supp.2010) (noting that in bankruptcy court proceedings, "the party seeking to extend the stay will bear the

burden to show that 'unusual circumstances' exist warranting such an extension of the stay to a nondebtor"); see also Arnold v. Garlock, Inc., 278 F.3d 426, 436 (5th Cir.2001) (holding that the defendant had "no interest to establish such an identity [of interests] with [the] debtor").

Even assuming, *arguendo*, that Defendants are beneficiaries of an indemnity agreement, Defendants have not demonstrated that there is any current liability implicating a bankruptcy debtor's estate, such as a duty to defend. To the contrary, at best, Defendants have demonstrated that they may have a worthless indemnity agreements with a nonparty; one with which neither Geotag nor this Court should be concerned.  If, as Defendants urge, these proceedings were to be stayed, they would be free to continue their infringing activities notwithstanding the serious allegations made by Geotag.

C.  DISTRACTION

Again without evidentiary support, Defendants urge that this case presents a distraction to Berry's high-level employees and legal department. Geotag cannot intelligently respond to this assertion because it has no evidentiary basis. Defendants appear to assert that, but for the bankruptcy, Berry would be somehow managing or conducting this litigation on their behalf, while providing no evidence that Berry has such a duty, is unable to fulfill such a duty (such as, by having lawyers and employees who respectively handle intellectual property and bankruptcy matters), or is distracted by bankruptcy matters.  Further, Defendants offer no legal authority for the proposition that such "distraction" is a cognizable matter.

WHEREFORE, PREMISES CONSIDERED, Geotag respectfully requests that Defendants' "Suggestion of Bankruptcy" be denied, that this case continue in the normal course of litigation between the named parties, and for any other and further relief, whether at law or in equity, to which it is entitled.

April 25, 2011                          Respectfully submitted,

                                        COOPER & VAN CLEEF, PLLC

                                        By: /s/ *Charles van Cleef*
                                        Charles van Cleef
                                        Texas Bar. No. 00786305

                                        COOPER & VAN CLEEF, PLLC
                                        500 N Second St.
                                        Longview, TX 75601
                                        (903) 248-8244
                                        (903) 248-8249 fax
                                        charles@coopervancleef.com

                                        John J. Edmonds – Lead Counsel
                                        Texas Bar No. 789758
                                        Michael J. Collins
                                        Texas Bar No. 4614510
                                        Stephen F. Schlather
                                        Texas Bar No. 24007993
                                        COLLINS, EDMONDS & POGORZELSKI, PLLC
                                        1616 S. Voss Road, Suite 125
                                        Houston, Texas 77057
                                        Telephone: (281) 501-3425
                                        Facsimile: (832) 415-2535
                                        jedmonds@cepiplaw.com
                                        mcollins@cepiplaw.com
                                        sschlather@cepiplaw.com

                                        ATTORNEYS FOR PLAINTIFF
                                        GEOTAG, INC.

CERTIFICATE OF SERVICE

       I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

April 25, 2011                          /s/ *Charles van Cleef*
                                            Charles van Cleef