IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG INC.<br><br>        Plaintiff,<br><br>v.<br><br>FRONTIER COMMUNICATIONS CORPORATION, LOCAL.COM CORPORATION, DEX ONE CORPORATION, WINDSTREAM COMMUNICATIONS, INC., YELLOW BOOK USA, INC., INTELIUS, INC., CENTER'D CORPORATION, IDC NETWORKS, INC., GO2 MEDIA, INC., HELLOMETRO INCORPORATED, MAGICYELLOW, INC., SOLFO, INC., YELP!, INC. and CITYGRID MEDIA, LLC,<br><br>        Defendants. | Civil Action No. 2:10-CV-265-TJW<br><br>JURY TRIAL DEMANDED |

### REPLY OF WINDSTREAM COMMUNICATIONS, INC. AND FRONTIER COMMUNICATIONS CORPORATION IN SUPPORT OF SUGGESTION OF BANKRUPTCY

The Court should grant the stay requested in Windstream and Frontier's ("Defendants") Suggestion of Bankruptcy because the present action has a direct impact on the bankruptcy estate of a Debtor, The Berry Company LLC ("Berry"), in its currently-pending Chapter 11 case. The core purposes of the automatic stay under 11 U.S.C. Section 362 "are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985). In the present case, Berry effectively stands in the shoes of Windsteam and Frontier, and the naming of those two entities as defendants has practically the

same financial impact on Berry's estate as naming Berry itself. Berry must fully fund Windstream and Frontier's defense for both business and legal reasons, and Berry has been doing so. The rationale of the automatic stay is to protect a debtor from the situation in which Berry now finds itself — forced to drain its estate assets defending litigation while its bankruptcy is pending.

Geotag, Inc. ("Geotag") acknowledges that a contractual indemnification obligation between a debtor and a non-debtor defendant is a basis for extending the scope of the automatic stay. Geotag argues, however, that an extension of the stay to the present action is inappropriate because Defendants have, at most, a "worthless indemnity agreement" with Berry, and because Berry is not a defendant in this case. The court should reject these arguments for two reasons. ***First***: Since the onset of this litigation, Berry has expended funds from its bankruptcy estate to fulfill its indemnification obligations to fund Windstream and Frontier's entire defense. If this action continues, Berry will need to continue these expenditures, to the detriment of Berry's reorganization. The Fifth Circuit has accordingly held that an automatic stay may be extended to stay actions against a non-debtor defendant who is contractually entitled to indemnification from a debtor. *See Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001). ***Second***: As to Geotag's argument that a stay is inappropriate because Berry is not a defendant in this case, although the Fifth Circuit does not appear to have addressed the issue, the great weight of authority nationwide establishes that the debtor and non-debtor indemnitee need not be co-defendants in the same action to warrant extension of the automatic stay.

**I.     Berry's Ongoing Contractual Obligation To Indemnify Defendants Mandates Extension of the Automatic Stay To This Action.**

Berry and Defendants are parties to Master Publishing Agreements ("MPA") that contain an obligation on the part of Berry to indemnify Defendants. *See* Frontier Agreement § 12.4, Exhibit A to Declaration of Susan K. Jackson ("Jackson Decl."); Windstream Agreement § 6.4, Exhibit A to Declaration of Kristi Moody ("Moody Decl."). Berry has been fully funding Windstream and Frontier's defense for both business and legal reasons. (Jackson Decl. ¶ 8; Moody Decl. ¶ 8.) Fifth Circuit precedent dictates that the automatic stay under 11 U.S.C. Section 362 should be extended to stay the current action as to Defendants. *See, e.g.*, *Reliant Energy Servs., Inc*, 349 F.3d at 825 (recognizing the automatic stay may extend to those cases where debtor has a "formal tie or contractual indemnification" with a non-debtor defendant); *Arnold*, 278 F.3d at 436 (recognizing an "identity of interests" is created where there is a "formal tie or contractual indemnification" between debtor and a non-debtor defendant); *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 723 (S.D. Tex. 2010) (same).

Contrary to Geotag's assertion, Berry's contractual indemnification of Defendants is in no way "worthless." Within a month of Geotag's initiation of this action, Defendants sent demand letters to Berry, formally invoking the indemnification provisions of their respective MPAs, and Berry has been fully funding their defense. (Jackson Decl. ¶ 6; Moody Decl. ¶ 6.) Not only is Berry subject to Windstream and Frontier's legal demands for indemnification on a current basis, there is a business necessity for providing that indemnification. Windstream and Frontier are substantial customers of Berry, and Berry derives significant revenues through those relationships. (Jackson Decl. ¶ 5; Moody Decl. ¶ 5.) If Berry did not indemnify Windstream and Frontier, those entities would consider it a material breach of their respective MPAs, and could potentially terminate their business relationships with Berry. The lost revenue would necessarily

further diminish the value of Berry's estate and hinder its reorganization efforts and ability to emerge from Chapter 11 as a going concern.  Moreover, as a Chapter 11 debtor-in-possession, Berry has an obligation to preserve estate funds.  *See In re Coserv, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D.Tex. 2002).   Berry would not be funding Windstream and Frontier's defense unless Berry viewed it as a business and legal necessity.  The extension of the automatic stay to Windstream and Frontier is therefore completely consistent with its statutory purpose.  *See, e.g.*, *GATX Aircraft Corp.*, 768 F.2d at 716 (recognizing that the automatic stay is designed to "protect the debtor's assets"); *In re U.S. Brass Corp.*, 176 B.R. 11, 12 (Bankr. E.D. Tex. 1994) ("the purpose of the automatic stay is to . . . provide the debtor with a breathing spell in order to accommodate the development of a reorganization.").

## II.    An Automatic Stay Can Be Extended Even Where the Debtor is a Non-Party.

Berry's status as a non-party does not affect the applicability of the automatic stay to this action.  "The scope of [the protection of the automatic stay] is not determined solely by whom a party chose to name in the proceeding, but rather, by who is the party with a real interest in the litigation." *In re Kaiser Aluminum Corp.*, 315 B.R. 655, 658 (D. Del. 2004).  The critical inquiry in the Fifth Circuit is not whether the debtor and non-debtor defendants are co-defendants in the same action, but rather whether there is a "formal tie or contractual indemnification" between the debtor and non-debtor.  *Reliant Energy Servs., Inc.*, 349 F.3d at 825; *Arnold*, 278 F.3d at 436; *Beran*, 747 F. Supp. 2d at 723.  Not only does that formal tie exist here in the form of contractual indemnification, but Berry's status as a non-defendant is irrelevant as to how much the defenses of Windstream and Frontier will affect the estate.  The Fifth Circuit law is clear that if Berry were a defendant, the cases against Windstream and Frontier would be stayed.  *See, e.g.*, *Arnold*, 278 F.3d at 436.  The Fifth Circuit does not appear to have addressed this situation, where the debtor is a non-defendant but must still indemnify named defendants in the action.  There is no

reason the result should be different. The cost of indemnifying Windstream and Frontier, and funding their defense, is the same to Berry's estate as it would be if Berry was a defendant.

Geotag is unable to cite a single case standing for the proposition that the debtor must be a co-defendant to have the Section 362 automatic stay extend to actions against non-debtor defendants. By contrast, numerous cases from around the country have extended the Section 362 automatic stay to actions where the debtor was not a defendant.[1] Just as Berry's status as a non-party to this action has no bearing on its contractual indemnification obligation to Defendants, it should also have no bearing on the applicability of the automatic stay.

## Conclusion

For the foregoing reasons, Berry, by and through Windstream Communications, Inc. and Frontier Communications Corp., respectfully request that this Court stay the Geotag Litigation with respect to the Defendants until the conclusion of Berry's Chapter 11 case.

---

[1] *See, e.g.*, *In re Nat'l Century Fin. Enters, Inc.*, 423 F.3d 567 (6th Cir. 2005); *In re Philadelphia Newspapers, LLC*, 423 B.R. 98 (E.D.Pa. 2010); *In re Midway Games, Inc.*, 428 B.R. 327 (Bankr. D. Del. 2010); *In re Kaiser Aluminum Corp.*, 315 B.R. 655 (D. Del. 2004); *In re Continental Airlines*, 177 B.R. 475 (D. Del. 1993); *In re Friedman's Inc.*, 336 B.R. 896 (Bankr. S.D. Ga. 2005); *In re Lomas Fin. Corp.*, 117 B.R. 64 (S.D.N.Y. 1990); *Matter of St. Petersburg Hotel Assoc., Ltd.*, 37 B.R. 380 (Bankr. M.D. Fla. 1984).

Dated: May 5, 2011                                              Respectfully submitted,


                                                                By: */s/ Nathan C. Dunn*
                                                                Steven S. Boyd
                                                                Texas State Bar No. 24001775
                                                                Nathan C. Dunn
                                                                Texas State Bar No. 24036509
                                                                **LOCKE LORD BISSELL&LIDDELL LLP**
                                                                2800 JP Morgan Chase Tower
                                                                600 Travis Street
                                                                Houston, Texas 77002-3095
                                                                Telephone: 713-226-1200
                                                                Facsimile: 713-223-3717
                                                                sboyd@lockelord.com
                                                                ndunn@lockelord.com
                                                                *Counsel for Frontier Communications Corporation and Windstream Communications, Inc.*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 5, 2011 upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


                                                                        */s/ Nathan C. Dunn*