IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC. <br><br> Plaintiff, <br><br> v. <br><br> FRONTIER COMMUNICATIONS COPORATION, ET AL. <br><br> Defendants, | Civil Action No. 2:10-cv-265 <br><br> TJW |

**GEOTAG'S SUR-RESPONSE TO SUGGESTION OF BANKRUPTCY OF WINDSTREAM COMMUNICATIONS, INC. AND FRONTIER COMMUNICATIONS CORPORATION**

Comes now Plaintiff GEOTAG, INC. ("Geotag") and files this, its Geotag's Sur-Response to Suggestion of Bankruptcy of Windstream Communications, Inc. and Frontier Communications Corporation ("Defendants"), docket number 175 (Suggestion of Bankruptcy) and docket number 179 ("Reply of Windstream Communications, Inc. and Frontier Communications Corporation in Support of Suggestion of Bankruptcy). In support thereof, Plaintiff respectfully shows the Court the following:

**ISSUES**

Defendants have attempted to cure numerous evidentiary issues raised in Geotag's "Response in Opposition to Suggestion of Bankruptcy by Defendants Windstream Communications, Inc. and Frontier Communications Corporation."

1

In their "Reply of Windstream Communications, Inc. and Frontier Communications Corporation in Support of Suggestion of Bankruptcy" (document 179) Defendants propose the following issues:

> First: Since the onset of this litigation, Berry has expended funds from its bankruptcy estate to fulfill its indemnification obligations to fund Windstream and Frontier's entire defense.

*Reply* at 2. Defendants provide no evidentiary support beyond bare assertions, be it bills, invoices, checks, Orders authorizing expenditures from Berry's Estate, or proofs of claim. Berry has not sought to remove this action to the Bankruptcy Court nor intervened for purpose of asserting an automatic stay.

And,

> Second: As to Geotag's argument that a stay is inappropriate because Berry is not a Defendant in this case, although the Fifth Circuit does not appear to have addressed the issue, the great weight of authority nationwide establishes that the debtor and nondebtor indemnitee need not be codefendants in the same action to warrant extension of the automatic stay.

Ibid.

Geotag additionally raises the following issues: Whether Defendants are indemnitees of Berry; and, generally, whether Defendants have standing to assert the automatic stay.

## **DISCUSSION**

Defendants have submitted numerous items in support of their reply.

First, Defendants submit the declaration of Susan K Jackson, an Associate General Counsel of Defendant Frontier Communications Corporation. *Reply* at Exhibit 1. Ms. Jackson claims that pursuant to an agreement with Berry, it expects indemnification. Attached to that exhibit are a copy of the "Master Publishing Agreement" giving rise to the alleged

indemnification obligation, a letter from Ms. Jackson to Berry requesting indemnification, and a letter from Berry's representative agreeing to indemnify Frontier. Ms. Jackson asserts that Berry has provided indemnification by paying fees to two law firms in connection with this action. "Frontier expects that Berry will continue to fund Frontier's defense in this action on a current basis. If Berry does not do so, Frontier will consider Berry's refusal to do so a breach of the Frontier Agreement and will evaluate its legal rights against Berry as well as the future of its business relationship with Berry." *Reply* at Exhibit 1, page 2, paragraph 8. Significantly, Exhibit 1 does not include any proof of claim, billing statement or invoice, or evidence indicating that any bills were paid—before or after the effective date of initiation of bankruptcy proceedings. The letter from Berry's representative is dated August 23, 2010—prior to Berry's bankruptcy filing.

Similarly, Reply Exhibit 2 is comprised of the declaration of Krist Moody, Vice President, Law, for Defendant Windstream Communications, Inc., and contains identical language. See Reply Exhibit 2, Page 3, Paragraph 8. Her letter to Berry requesting indemnification is dated August 02, 2010. Ibid. at Exhibit B. She does not have a letter from Berry's representative, but claims that she received a verbal agreement to indemnify. Reply Exhibit 2, Page 3, paragraph 7. Geotag respectfully objects to the hearsay nature of this alleged communication, and requests that the Court disregard paragraph 7. In any case, any alleged response from Berry to a demand for indemnification by Windstream would have arrived in August of 2010—prior to the initiation of bankruptcy proceedings. As above, Defendant has not provided any proof of claim, billing statement or invoice, or evidence that any bills were paid—before or after the effective date of initiation of bankruptcy proceedings.

The undersigned has reviewed the docket and numerous filings associated with Berry's bankruptcy. In an "Order Directing Joint Administration of Related Chapter 11 Cases of Local Insight Media Holdings, Inc., Et Al.", Berry's Chapter 11 filing, Case No. 10 – 13678, has been consolidated with numerous other voluntary petitions. A "Notice of Dates by Which Parties Must File Proofs of Claim and Procedures for Filing Proofs of Claim against the Debtors" sets a deadline for filing proofs of claim is set at April 04, 2011. Defendants have not alleged that they have filed proofs of claim. They have not alleged that they are exempt from filing proofs of claim. The undersigned's resort to the Creditors' Claims Committee Counsel's website have not yielded this critical information. In accordance with the notice, the failure to timely file a proof of claim results in a creditor being "forever barred from asserting that claim (or filing a proof of claim with respect to it," that such creditor "will not receive any distribution in these Chapter 11 cases on account of that claim," that the debtors and their estates will be discharged from any and all liability with respect to any such claims, and that such creditors will not be permitted to vote on any plan or plans of reorganization for the debtors on account of those bar claims. Ibid. at pages 7 to 8. Defendants have not bothered to provide this Court with any proof of claim or allegation of exemption. They have not demonstrated payment for any indemnification following initiation of bankruptcy proceedings.

Conversely, Berry has not asserted the automatic stay nor attempted to remove these proceedings to the Delaware Bankruptcy Court. This may well be explained if the Defendants have not filed proofs of claim, and raises the question whether Defendants have standing to assert the automatic stay.

Defendants alleged that "[t]he Fifth Circuit has accordingly held that an automatic stay may be extended to stay actions against a nondebtor defendant who is contractually entitled to

indemnification from a debtor." *Reply* at page 2. Again citing Reliant Energy Services, Inc. v. Enron Canada Corporation, 349 F.3d 816, 825 (5th Cir. 2003) and Arnold v. Garlock, Inc., 278 F.3d 426, 436 (5th Cir. 2001), Defendants seem oblivious to the fact that both cases concern different facts, such as application of the automatic stay in a where the debtor/indemnitor and creditor/indemnitee are codefendants. In Arnold, the Court did not apply the automatic stay, even though the debtor and creditor were codefendants. "Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors." Arnold, 278 F.3d at 436. Reliant concerns joint contractual liability by codefendants—not the case here. As stated in Geotag's Response, in Edwards v. Armstrong World Industries, the Fifth Circuit refused to extend the A.H. Robins exception (mentioned in Arnold and Reliant) to a surety, holding that a supersedeas bond may be executed against the surety of a judgment debtor. 6 F.3d 312, 316-17 (5th Cir. 1993), *reversed on other grounds*, 514 U.S. 300, 131 L. Ed. 2d 403, 115 S. Ct. 1493 (1995). The fact that Defendants may terminate their relationship with Berry if Berry refuses indemnification (as asserted on page 3 of the Reply) is of no consequence, and does nothing to answer the questions posed by the Suggestion, Response, and Reply.

Defendants continue to argue that it is irrelevant that Berry is not a Defendant in this suit. Acknowledging that this circuit has not addressed the situation where the debtor is a non-defendant, Defendants argue that "the cost of indemnifying Windstream and Frontier, and funding their defense, is the same to Berry's estate as it would be if Berry was a Defendant. But the fact is that Berry is not a Defendant and has not been accused of infringing the patent—which is clearly a reason why a hypothetical extension of codefendant status for purposes of asserting Berry's automatic stay is nonsensical, and not recognized in this circuit.

Defendants appear to have abandoned their "distraction to Berry's officers and staff" argument, as they have provided no evidence to support those bare assertions.

Again, put simply, Defendants may have a worthless indemnity agreement with Berry, either because Berry is unable to pay, unwilling to pay, not obligated to pay, or an unliquidated debt of indemnity has been extinguished by the failure to file proof of claim. None of these matters are of consequence in this litigation, and therefore the automatic stay should not be applied.

WHEREFORE, PREMISES CONSIDERED, Geotag respectfully requests that Defendants' "Suggestion of Bankruptcy" be denied, that this case continue in the normal course of litigation between the named parties, and for any other and further relief, whether at law or in equity, to which it is entitled.

May 16, 2011                                    Respectfully submitted,

                                              COOPER & VAN CLEEF, PLLC

                                              By: /s/ *Charles van Cleef*
                                              Charles van Cleef
                                              Texas Bar. No. 00786305

                                              COOPER & VAN CLEEF, PLLC
                                              500 N Second St.
                                              Longview, TX 75601
                                              (903) 248-8244
                                              (903) 248-8249 fax
                                              charles@coopervancleef.com

                                              John J. Edmonds – Lead Counsel
                                              Texas Bar No. 789758
                                              Michael J. Collins
                                              Texas Bar No. 4614510
                                              Stephen F. Schlather
                                              Texas Bar No. 24007993
                                              COLLINS, EDMONDS & POGORZELSKI, PLLC
                                              1616 S. Voss Road, Suite 125
                                              Houston, Texas 77057
                                              Telephone: (281) 501-3425
                                              Facsimile: (832) 415-2535
                                              jedmonds@cepiplaw.com
                                              mcollins@cepiplaw.com
                                              sschlather@cepiplaw.com

                                              ATTORNEYS FOR PLAINTIFF
                                              GEOTAG, INC.

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

May 16, 2011                          /s/     *Charles van Cleef*
                                             Charles van Cleef