**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GEOTAG, INC, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:10-cv-265-TJW |
| | § | |
| FRONTIER COMMUNICATIONS | § | |
| CORPORATION, et al., | § | |
|    *Defendants*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Solfo, Inc's ("SOLFO") motion to dismiss for lack of personal jurisdiction and improper venue (Dkt. No. 52) and motion to transfer venue (Dkt. No. 71). In its motion to dismiss, Solfo argues that it is not subject to personal jurisdiction in this Court and asks the Court to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Federal Rule of Civil Procedure 12(b)(3) for improper venue. Alternatively, Solfo argues that the Eastern District of Texas is an inconvenient venue and asks the Court to transfer this case to the Central District of California for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a).

**I.     Factual and Procedural Background**

Plaintiff Geotag, Inc. ("Geotag") filed this lawsuit on July 23, 2010, alleging that multiple defendants, including Solfo, infringe United States Patent No. 5,930,474 ("the '474 patent"). One of Solfo's websites, www.yellowbot.com (the "YellowBot website"), is an on-line business directory that includes a search engine that allows users to find local businesses, including businesses in the Eastern District of Texas. Business listings on the YellowBot website also

include reviews, comments, and ratings that users of yellowbot.com have posted. To post a review or comment about a business, the user must create a username and password on the YellowBot website. The owners of any business profiled on the YellowBot website may modify or update the contact information for their business and/or respond to customer reviews. Solfo does not charge a fee to use the YellowBot website, and generates income by running advertisements from third parties and by selling information that Solfo gathers from other websites on the web to third parties. Geotag alleges that the search function on the YellowBot website infringes the '474 patent.

Solfo also owns and maintains an internet website located at www.solfo.com (the "Solfo website") which provides general company information about Solfo, including business contact information and announcements regarding opportunities for employment. The Solfo website also includes a hyperlink to the YellowBot website, but does not include the same search functionality as the YellowBot website. The host computers for both the YellowBot website and the Solfo website are located in the County of Los Angeles, California. Solfo's books, records, and other documents relating to Solfo's business and the YellowBot and Solfo websites are located in California.

Solfo is a California corporation with its principle place of business and its only office in the City of Burbank, California. Solfo has 8 full time employees, all of whom are residents of California. Solfo argues that it is not: (1) registered to engage or conduct business in Texas; (2) has never had any office, employees, or agents in Texas; (3) does not maintain any bank accounts in Texas; (4) does not own, lease, or rent any real estate or buildings in Texas; (5) does not advertise by television, newspaper, or magazine in Texas; (6) has never solicited business in

2

Texas; (7) does not have a telephone listing in Texas; and (8) has never filed a lawsuit in Texas. However, as part of the development and maintenance of the YellowBot website, Solfo engaged the services of Graham Barr as a consulting contractor. Mr. Barr lives in Allen, Texas, which is located in the Eastern District of Texas. Mr. Barr provides programming development of the YellowBot site, which includes a variety of tasks related to the searching or appearance of a page or data feed on that site. For nine months in 2010, Mr. Barr had a direct contractual relationship with Solfo and regularly interacted with Solfo employees, and Solfo continues to use the services of Mr. Barr for development and maintenance of the accused website. Solfo also uses the services of Mr. Barr's wife, Susan Barr. Mrs. Barr also lives in Allen, Texas, within the Eastern District of Texas. Mrs. Barr handles customer service and maintenance issues for Solfo related to the accused YellowBot website.

In addition, the YellowBot website has a significant number of users from Texas. In 2010, there were more than 3.8 million visits to the YellowBot website from IP addresses originating in Texas. The YellowBot website lists more than 3879 businesses that are located in the Eastern District of Texas, and, over the past three years, there have been more than 750 page view or tags for businesses that are located in the Eastern District of Texas. Finally, there have been more than 228 reviews and more than 80 photographs posted for businesses located in the Eastern District of Texas. For each of the 228 reviews of businesses located in the Eastern District of Texas, Solfo sent an e-mail to the person who posted the review.

Geotag is a Delaware company with its headquarters and sole office located in Plano, Texas, within the Eastern District of Texas.

### II. Motion to Dismiss for Personal Jurisdiction and Improper Venue (Dkt. No. 52)

Solfo argues that it is not subject to personal jurisdiction in this Court and, thus, that venue is improper in the Eastern District of Texas.

#### A. Legal Standard for Motion to Dismiss for Personal Jurisdiction

Federal Circuit law controls personal jurisdiction issues in patent cases. *Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1368 (Fed. Cir. 2010) (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994). A federal court may exercise personal jurisdiction over a foreign defendant only if (1) the long-arm statute creates personal jurisdiction over the foreign defendant, and (2) the exercise of personal jurisdiction over that defendant is consistent with the due process guarantees of the U.S. Constitution. *See Patent Rights Prot. Grp., LLC,* 603 F.3d at 1368-69; *see also Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996). The Texas long-arm statute extends to the full extent permitted by the Due Process Clause of the U.S. Constitution. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003). The sole inquiry in this case, therefore, is whether the exercise of personal jurisdiction would violate the Due Process Clause of the U.S. Constitution. *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).

Thus, to establish that this Court has personal jurisdiction over Solfo, Plaintiff must show that: (1) Solfo has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over Solfo does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-20 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-77

(1985). Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of producing facts showing that the defendant is subject to personal jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). However, where the parties have not conducted jurisdictional discovery, a plaintiff need only make a *prima facia* showing of jurisdiction. *See Graphic Controls Corp. v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998) ("The district court noted that, because the parties had not conducted discovery on the jurisdictional issue, [the plaintiff] only needed to make a prima facie showing that [the defendant] was subject to personal jurisdiction in New York"); *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343, 1347 (Fed. Cir. 2002) ("[w]hen a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a *prima facie* showing") (quoting *Behagen v. Amateur Basketball Association of the United States*, 744 F.2d 731, 733 (10th Cir.1984)); *see also Johnston v. Miltidata Systems International Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) ("The plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing.").

There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro ("McIntyre")*, 131 S. Ct. 2780, 2787-88 (2011); *see also Red Wing Shoe Co.*, 148 F.3d at 1359. General jurisdiction exists when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984). Random, fortuitous, or attenuated contacts are not sufficient to establish general jurisdiction. *Red Wing Shoe Co.*, 148 F.3d at 1359. "There is also a more

limited form of submission to a State's authority for disputes that 'arise out of or are connected with the activities within the state.'" *McIntyre*, 131 S. Ct. at 2787-88 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Where a defendant "'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,' … it submits to the judicial power of an otherwise foreign sovereign to the extent that power is exercised in connection with the defendant's activities touching on the State." *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "The question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct." *Id.* at 2789.

 **B. Discussion**

  Solfo argues that it does not have an office or other place of business in Texas, does not have any employees that reside in Texas or the Eastern District of Texas, and does not conduct business in Texas. Solfo also argues that the YellowBot website is only minimally interactive, does not engage in electronic commerce or any form of business transaction with its users, does not respond to the comments or reviews of businesses posted by its users, and does not facilitate any business between Solfo and the residents of any State, including Texas. As a result, Solfo contends that it is not subject to personal jurisdiction in the Eastern District of Texas.

  Plaintiff, however, argues that Solfo contracts with two residents of the Eastern District of Texas for the development, programming, and maintenance of the accused YellowBot website and that these relationships are evidence of Solfo's continuous and systematic contacts with the Eastern District of Texas specifically relating to the accused website. The Court agrees. Solfo

contracts with Graham and Susan Barr to perform services related to the development, programming, and maintenance of the accused website as well as the handling of customer service issues related to the accused website. Mr. and Mrs. Barr live in the Eastern District of Texas. Mr. Barr provides programming development of the YellowBot site, which includes a variety of tasks related to the searching or appearance of a page or data feed on that site. For nine months in 2010, Mr. Barr had a direct contractual relationship with Solfo and regularly interacted with Solfo employees regarding the accused YellowBot website. Solfo continues to use the services of Mr. Barr for development and maintenance of the accused website. Mrs. Barr handles customer service and maintenance issues for Solfo related to the accused YellowBot website. Mr. and Mrs. Barr's services are directly related to the development, programming, and maintenance of the accused website and are performed in the Eastern District of Texas. Accordingly, the Court finds that Solfo is subject to jurisdiction in the Eastern District of Texas.

Additionally, Plaintiff argues that Solfo's accused YellowBot website is interactive and is used regularly by residents and businesses of the Eastern District of Texas. The YellowBot website lists more than 3879 businesses that are located in the Eastern District of Texas, and, over the past three years, there have been more than 750 page view or tags for businesses that are located in the Eastern District of Texas. Finally, there have been more than 228 reviews and more than 80 photographs posted for businesses located in the Eastern District of Texas. For each of the 228 reviews of businesses located in the Eastern District of Texas, Solfo sent an e-mail to the person who posted the review. Additionally, the accused YellowBot website allows users to search for a business using a myriad of criteria, post tags and reviews related to specific businesses, and post photographs and videos of businesses. The YellowBot website also allows

businesses to post and/or correct information about their business and to respond to user reviews. Plaintiff argues that this goes well beyond "low-level interactivity" and is enough to demonstrate that the Court has general jurisdiction over Solfo. Plaintiff also contends that Solfo generates revenue from advertising contained on the YellowBot website, and that this revenue is generated, at least in part, as a result of users from Texas and the Eastern District of Texas. Based on this evidence, the Court finds that the accused website, maintained by Solfo, is a decidedly interactive website that is regularly used by residents and businesses in the Eastern District of Texas and that Solfo profits from this use. Accordingly, the Court finds that the interactive YellowBot website subjects Solfo to general jurisdiction in the Eastern District of Texas. *See Zippo Manufacturing Co. v. Zippo Dot com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pen. 1997) (holding that where a nonresident defendant has a website that allows a user to exchange information with a host computer, the exercise of personal jurisdiction over the defendant is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the website); *Mink v. AAAA Development, LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (adopting the standard laid out in *Zippo*). Additionally, the Court finds that the exercise of jurisdiction over Solfo does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe*, 326 U.S. at 316-20; *Burger King*, 471 U.S. at 474-77.

For the reasons discussed above, the Court DENIES Solfo's motion to dismiss for lack of personal jurisdiction.

### C. Improper Venue

Solfo also seeks dismissal under 28 U.S.C. § 1400(b) because the Eastern District of Texas is an improper venue. The Federal Circuit holds that "[v]enue in a patent action against a

corporate defendant exists wherever there is personal jurisdiction." *Versata Software, Inc. v. Internet Brands, Inc.*, 2009 WL 3161370, at *5 (E.D. Tex. Sept. 30, 2009) (quoting *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed.Cir.2005). Accordingly, because the court has found that Solfo is subject to personal jurisdiction in the Eastern District of Texas, venue is also proper in the Eastern District of Texas under 28 U.S.C. § 1400(b). Solfo's motion to dismiss for improper venue is, therefore, DENIED.

### III. Motion to Transfer Venue (Dkt. No. 71)

In the alternative, Solfo argues that this case should be transferred to the Central District of California for the convenience of the parties and the witnesses pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 71). Solfo's motion to transfer venue was joined by: Defendants Frontier Communications Corporation, Local.com Corporation, Dex One Corporation, Windstream Communications, Inc., Yellow Book USA, Inc., IDC Networks, Inc., and CityGrid Media, LLC (Dtk. No. 139); Defendant Intelius Inc. (Dkt. No. 144); and Defendant Hello Metro Incorporated (Dkt. No. 140). However, none of the joining defendants provided additional argument or evidence to support the motion to transfer venue.

#### A. Legal Standard

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998), *quoting Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).

9

The Fifth Circuit has enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen II*, 545 F.3d at 314-15. The Fifth Circuit ruled that "§ 1404(a) venue transfers may be granted 'upon a lesser showing of inconvenience' than *forum non conveniens* dismissals" and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id.* at 314 (*citing Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that the moving party bears the burden of showing "good cause," which the Court explained is satisfied when "the movant demonstrates that the transferee venue is clearly more convenient." *Id*. at 315.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* The *Volkswagon II* court noted that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (*citing Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the

case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (*citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). In *Volkswagen II*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum. *Id*. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id*.

### B. Discussion

The initial threshold question in deciding a motion to transfer venue is whether the suit could have been brought in the proposed transferee district. *Volkswagen I*, 371 F.3d at 203. Solfo has failed to demonstrate that this suit could have originally been brought in the Central District of California, and, therefore, transfer of this case to the Central District of California is not warranted.

Solfo argues that nine of the other ten defendants have joined its motion to transfer venue and that this demonstrates that they are willing to submit to the jurisdiction of the Central District of California. Additionally, Solfo offers an affidavit of its own attorney that the remaining ten defendants have indicated that they are willing to consent to the jurisdiction of the Central District of California for purposes of this case. Even if the Court were to consider the hearsay evidence offered in the affidavit of Solfo's attorney and to construe joinder in the motion to transfer as evidence that the other defendants are willing to consent to personal jurisdiction in the Central District of Texas, evidence that the defendants are now willing to consent to the jurisdiction of the Central District of California has no bearing on whether these defendants would have been subject to the jurisdiction of that court at the time the lawsuit was filed. The Supreme Court has made it

11

clear that the "critical time" to be used as a basis for making this threshold inquiry regarding jurisdiction is the time the lawsuit was filed: "In the normal meaning of words this language of Section 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed when the suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (quotation and citation omitted). The Fifth Circuit has held similarly. *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1149 (5th Cir.1984) ("When the defendant seeks transfer to another forum, over the objection of the plaintiff, the words of § 1404 allowing transfer to a district where suit 'might have been brought' direct the attention of the judge to the situation that existed when the suit was brought."), *overruled on other grounds by In re Air Crash Disaster Near New Orleans, Louisiana*, 821 F.2d 1147 (5th Cir.1987); *Volkswagen I*, 371 F.3d at 203. Accordingly, "[t]ransfer of a suit involving multiple defendants is ordinarily proper 'only if all of them would have been amenable to process in, and if venue as to all of them would have been proper in, the transferee court'" at the time the lawsuit was filed. *Balthasar Online, Inc. v. Network Solutions, LLC*, 654 F.Supp.2d 546, 549 (E.D. Tex. 2009). Because Solfo has offered no evidence to demonstrate that the other ten defendants would have been subject to service and personal jurisdiction in the Northern District of California at the time this lawsuit was filed, Solfo has not demonstrated that this lawsuit could have originally been brought in the Central District of California. Accordingly, the threshold determination for transferring venue has not been met, and Solfo's motion to transfer venue (Dkt. No. 71) is DENIED.[1]

---

1 Because Solfo has not met its threshold burden of demonstrating that this suit could have originally been brought in the Central District of California, the Court need not consider the private and public interest factors.

## C. Conclusion

For the reasons discussed above, Solfo's motion to dismiss (Dkt. No. 52) and motion to transfer venue (Dkt. No. 71) are DENIED.

IT IS SO ORDERED.

SIGNED this 15th day of September, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE