**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG INC.,** <br> **Plaintiff,** <br> v. <br> **FRONTIER COMMUNICATIONS CORPORATION,** *et al.*, <br> **Defendants** | **2:10-cv-00265** <br><br> **CONSOLIDATED ACTION** |

**SECOND AMENDED DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f)    any settlement agreements relevant to the subject matter of this action; and

    (g)    any statement of any party to the litigation.

**2. Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

    (b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

**3. Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

    (a)    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party or provided to GeoTag by a third-party or until June 17,

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

>2013, whichever is later.. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.
>
>**P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:[2]

**Interrogatories:**

---

[2] Any party may later move to modify these limitations for good cause.

Both Plaintiff and Defendants collectively are permitted fifteen (15) common interrogatories. A common interrogatory, when served by Plaintiff, is an interrogatory served on substantially all Defendants by Plaintiff. A common interrogatory, when served by Defendants, is an interrogatory served on Plaintiff by substantially all Defendants. Plaintiff may serve up to ten (10) additional interrogatories on each individual Defendant or Defendant Group pertaining to that Defendant or Defendant Group. Each Defendant or Defendant Group may serve up to ten (10) additional interrogatories on Plaintiff pertaining to that Defendant or Defendant Group.

Plaintiff also is permitted ten (10) interrogatories pertaining to the issue of venue with respect to any Defendant or Defendant Group that has filed a motion to transfer.

**Requests for Admission:**

Both Plaintiff and Defendants collectively are permitted to serve thirty (30) common requests for admission for issues other than authentication of documents. A common request for admission, when served by Plaintiff, is a request for admission served on substantially all Defendants by Plaintiff. A common request for admission, when served by Defendants, is a request for admission served on Plaintiff by substantially all Defendants. Plaintiff may serve up to fifteen (15) additional individual requests for admission for issues other than authentication on each Defendant or Defendant Group pertaining to that Defendant or Defendant Group. Each Defendant, or Defendant Group, may serve up to fifteen (15) additional individual requests for admission on Plaintiff for issues other than authentication pertaining to that Defendant or Defendant group. Both

- 4 -

Plaintiff and Defendants collectively are permitted an unlimited number of requests for admission for authentication of documents.

**Total Fact Depositions:**

Defendants jointly may take up to 265 hours of oral fact depositions (this excludes expert depositions and Rule 30(b)(6) depositions), and each Defendant or Defendant Group may take fourteen (14) hours of deposition testimony on issues pertaining to that Defendant or Defendant Group. Plaintiff may take a maximum of fourteen (14) hours of depositions of persons employed by or affiliated with each Defendant or Defendant Group. Plaintiff may take up to seventy (70) hours of depositions of third parties in all cases.

**Party Depositions Under Rule 30(b)(6):**

Plaintiff may take up to fourteen (14) hours of 30(b)(6) deposition testimony of each Defendant or Defendant Group. Defendants jointly may take up to thirty (30) hours of 30(b)(6) deposition testimony of Plaintiff, and each Defendant or Defendant Group individually may take up to three (3) hours of deposition testimony of Plaintiff on issues particularly pertaining to the allegations asserted against that Defendant or Defendant Group.

**Expert Depositions:**

Plaintiff may take up to seven (7) hours of deposition testimony of any expert witness for any Defendant or Defendant Group for each expert report submitted by the expert, and,

for any expert witness for a Defendant or Defendant Group who submits an invalidity report, Plaintiff may take up to one (1) hour of additional deposition testimony of that expert for each prior art reference in excess of ten (10) prior art references relied upon in the report.

A Defendant or Defendant Group may take up to seven (7) hours of deposition testimony of any expert witness for Plaintiff for each expert report submitted by the expert, except that, for any expert witness for Plaintiff who submits an expert report on the issue of infringement or damages with respect to multiple defendants, the deposition of that expert shall be limited to two (2) hours of joint examination by the named Defendants or Defendant Groups with an additional five (5) hours of examination by each individual defendant on issues in the report particularly pertaining to that Defendant or Defendant Group.

**Depositions on Written Questions:**

There are no limits on the number of depositions upon written questions taken pursuant to Rule 31.

**Deposition Limits:**

Unless otherwise agreed, the daily limit of seven (7) hours shall apply to all depositions. Time will count whether used in direct examination or cross-examination of any witness. The parties and counsel in the cases listed above are directed to coordinate their discovery efforts to avoid duplication and otherwise promote efficiency. Specifically,

depositions should be cross-noticed in all cases listed above. Counsel should confer in advance to schedule depositions at mutually convenient times and places. In view of the number of attorneys involved in these cases, the unavailability of some counsel is not grounds for delaying a deposition if another attorney from the same firm or who represents a party with similar interests is available.

The parties should keep in mind the need to avoid subjecting any person to repeated depositions. As a general rule, no witness should be deposed on the same subject more than once in this litigation. The parties are advised that the Court will deem depositions of opposing parties and their employees or representatives admissible against parties involved in related ligation, pursuant to Federal Rule of Evidence 801(d)(2).

Counsel and representatives of the parties in each of the cases listed above may attend depositions. Unnecessary attendance by counsel is discouraged. While a witness is examined about the contents of any documents designated Confidential, those to whom disclosure is not authorized under the Court's Protective Order shall be excluded.

**Limits on Experts:**

Each party is limited to three testifying experts at trial per opposing party. Defendants shall collectively seek to have a single expert on invalidity.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket

Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

    (b)    In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person** conference involving lead and local counsel for all parties to the discovery dispute was held.

    (c)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10.**    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges

the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings**. Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery:**

    **E-DISCOVERY**

    A.  Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

    B.  Absent agreement of the parties or further order of this Court, the following parameters shall apply to Electronically Stored Information ("ESI") production:

    1.  **General Document Image Format**. Each electronic document shall be producedin single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

2. **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

3. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

4. **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

5. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

6. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

C. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include email

or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

D. Email production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely email custodians, a specific identification of the fifteen most significant listed email custodians in view of the pleaded claims and defenses,[3] infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the Court. Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper timeframe for email production requests. The Court may allow additional discovery upon a showing of good cause.

E. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe. Each requesting party shall limit its email production requests to a total of eight custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

---

[3] A "specific identification" requires a short description of why the custodian is believed to be significant.

- 13 -

F.      Each requesting party shall limit its email production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

G.      Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

H.      The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

- 14 -

**IT IS SO ORDERED.**

**So Ordered and Signed on this**

**Feb 26, 2013**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE