# EXHIBIT B

DIRECTION IP LAW
P.O. Box 14184
Chicago, Illinois  60614-184
(312) 291-1667
www.directionip.com

David R. Bennett
dbennett@directionip.com

**VIA ELECTRONIC MAIL**
Counsel for Defendants

February 22, 2013

Re:   *GeoTag, Inc. v. Frontier Communications Corporation, et al.,*
      **Case No. 2:10-cv-265 (E.D. Texas – Marshall Division) (CONSOLIDATED)**

Dear Counsel for Defendants:

GeoTag would like to insure that it has all of the information necessary for meaningful mediations, and therefore we are following up GeoTag's prior production letters and interrogatories with requests for specific information included in those prior requests. In particular, GeoTag requests documents and information on the following specific topics:

1. By year, the number of unique web and mobile visitors and the number of clicks on the accused instrumentality for the years 2004 through 2012 inclusive, and set forth any payments defendant made or received in connection with clicks on the accused instrumentality.

2. By year, total "sales" (defined to include U.S. revenue from sales, leasing, licensing, fees, *etc.* for any and all products, services, equipment, *etc.*) for the years 2004 through 2012 inclusive.

3. Average revenue and gross margin per "sale" transaction (*e.g.*, customer visit, transaction, purchase of services) by year for 2004 through 2012 inclusive.

4. The number of "locations" defined as stores and/or other places (whether company-owned stores/locations, distributors, franchisees, dealers, other sales locations, event location, locations of members for dating websites, job locations, *etc.*) by category (whether company-owned stores/locations, distributors, franchisees, dealers, other sales locations, event location, locations of members for dating websites, job locations, *etc.*) where "sales" took place by year for 2004 through 2012 inclusive and/or that could be located (or returned as a search result) by the accused instrumentality..

*GeoTag, Inc. v. Frontier Communications Corporation, et al.*
February 22, 2013
Page 2

5. What each defendant (including, to the extent of defendant's knowledge, franchisees or distributors) paid per "location" for non-online advertising such as yellow page, and/or other directory listings, and all local ads per year for 2004 through 2012 inclusive.

6. The dollar value that defendant has paid for on-line (web and mobile) advertising on Google, Microsoft, Yahoo, Facebook and/or other online advertising by year for 2004 through 2012 inclusive.

7. Total "sales" and advertising expenditures by year for 2004 through 2012 inclusive, and the cost of acquiring a new customer by year for 2004 through 2012 inclusive.

8. Total mobile advertising expenditures by year for 2004 through 2012 inclusive.

9. Average annual revenue (and gross margin) per customer by year for 2004 through 2012 inclusive.

10. Percentage of customers that were repeat customers for 2004 through 2012 inclusive.

Again, although GeoTag contends that this information should have been produced based on prior discovery requests, this letter is not intended to address deficiencies in particular defendants' production. Instead, if the information has not already been produced, this letter is intended to request that the defendants produce the requested information prior to the mediation. GeoTag will not be able to consider any information in its mediation settlement analysis that is not produced by defendants sufficiently in advance of the mediation.

Separately, GeoTag believes that this information should have been previously produced and, to the extent defendants refuse to produce this information, GeoTag will be contacting defendants individually as it reviews production and discovery responses in order to address particular deficiencies.

Please contact me if you have any questions regarding the information requested by GeoTag.

Sincerely,

*/s/ David R. Bennett*
David R. Bennett
**DIRECTION IP LAW**

*GeoTag, Inc. v. Frontier Communications Corporation, et al.*
February 22, 2013
Page 3

cc:   Dan Mount and Kevin Pasquinelli, Mount, Spelman & Fingerman, P.C.
      Craig Tadlock and Keith Smiley, Tadlock Law Firm