IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC., <br>   *Plaintiff,* <br><br> v. <br><br> FRONTIER COMMUNICATIONS CORP., et al., <br>   *Defendants.* | § § § § § § § § § § § | CASE NO. 2:10-CV-265-JRG <br> (Lead Case) |

# ORDER

Before the Court is Plaintiff GeoTag, Inc.'s ("GeoTag") Opposed Motion for Clarification of Deadlines for Supplemental Infringement Contentions and the Location for Production of Supplemental Source Code, filed May 29, 2013 (Dkt. No. 638). GeoTag requests "clarification" of the Docket Control Order and the Protective Order entered by the Court that (a) GeoTag's supplemental infringement contentions are due 60 days after production of source code is completed, and (b) any supplemental productions of source code by Defendants be produced to GeoTag at the offices of GeoTag's counsel.

The Second Amended Discovery Order provides that GeoTag's supplemental infringement contentions are due "30 days after source code for each Accused Instrumentality is produced . . . or until June 17, 2013, whichever is later." (Dkt. No. 479 ¶ 3(a).) Moreover, pursuant to the First Amended Protective Order, the Producing Party has the "sole discretion" with respect to the location of source code production. (Dkt. No. 480 p.16.) The Court's Orders are clear. Accordingly, the Court having considered GeoTag's Motion for Clarification (Dkt. No. 638) finds that the same is unnecessary and is hereby **DENIED**.

The Court does not view this motion as a request to amend its Docket Control Order

2

and/or Protective Order; however, to the extent GeoTag requests the Court to amend its Docket Control Order and/or Protective Order, the Court finds that GeoTag has not demonstrated appropriate good cause and such request is hereby **DENIED**.

**So ORDERED and SIGNED this 11th day of June, 2013.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE