# Vinson&Elkins

Willem G. Schuurman  bschuurman@velaw.com
**Tel** +1.512.542.8663  **Fax** +1.512.236.3422

July 9, 2013

By ECF

Re:   Request for Leave to File Motion for Summary Judgment of Non-Infringement in *GeoTag, Inc. v. Frontier Communications Corp., et al.*, Civil Action No. 2:10-cv-265 JRG (Consolidated Case) by over 200 Defendants

Dear Judge Gilstrap:

Pursuant to the Court's Docket Control Order entered in this action (Dkt. No. 481), the undersigned respectfully submits this letter brief requesting permission to file a motion for summary judgment of non-infringement as to all asserted claims of U.S. Patent No. 5,930,474 (the "'474 Patent") asserted by GeoTag, Inc. ("GeoTag"). This letter brief is submitted on behalf of the over 200 defendants listed at the end of the brief (the "Moving Defendants"). The claims of the '474 Patent and the Court's claim construction opinion and order of February 26, 2013 (Dkt. No. 472) make it clear that the Moving Defendants do not infringe any asserted claim of the '474 Patent because there is no genuine dispute of material fact that they do not practice the "dynamic replication" claim limitations common to all of the asserted claims, and are therefore entitled to judgment as a matter of law. Such a judgment will effectively end all of these litigations.

## I.    Introduction

GeoTag filed suit against hundreds of defendants alleging infringement of the same asserted claims of the '474 Patent. GeoTag's allegations focus on features of the defendants' locator functionalities, including "store locators," "job locators," and other locator systems from which users can find stores, jobs, or other information by geographic location.

GeoTag has asserted the same independent claims 1, 20, and 31 against all of the Moving Defendants. The key limitations on which the proposed motion for summary judgment of non-infringement will lie are the "dynamic replication" claim limitations. Not only do the "dynamic replication" claim limitations appear in all three independent claims (and consequently are also present in all asserted dependent claims), but these limitations were all added by amendment during prosecution to overcome prior art rejections by the examiner.

The "dynamic replication" claim limitations all require that at least one entry associated with a broader or larger geographical area in the existing geographical areas in the database be replicated into another specified existing geographical area in the database. In cases where GeoTag has reviewed accused locator source code, discovery has confirmed that none of the accused locator functionalities of any of the Moving Defendants perform any of the "dynamic replication" claim limitations as required by the explicit claim language and the Court's claim construction. In cases where GeoTag has not reviewed accused locator source code (*e.g.,* where GeoTag has not reviewed source code exclusively in possession of third parties despite Defendants informing GeoTag that the source code is in the possession of third parties), GeoTag cannot meet its burden to identify any source code that performs any "dynamic replication."

Because GeoTag has the burden of proving infringement and cannot make a showing that there is a genuine dispute of material fact as to whether the "dynamic replication" claim limitations are met, the Moving Defendants are entitled to judgment as a matter of law. Therefore, the Moving Defendants request leave to file a motion for summary judgment of non-infringement on this ground.[1]

## II.   Applicable Law

Summary judgment should be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to avoid summary judgment, a non-movant that bears the burden of proof at trial must "make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for the jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Thus, in order to survive the proposed motion for summary judgment of non-infringement, GeoTag must come forward with sufficient evidence to create a genuine issue that the accused locator functionalities perform the dynamic replication claim limitations. *Wavetronix LLC v. EIS Electronic Integrated Sys.*, 573 F.3d 1343, 1358 (Fed. Cir. 2009).

---

[1] Notwithstanding the arguments made in this letter, Defendants continue to maintain that the phrase "dynamic replication" fails to satisfy the written description requirement of 35 U.S.C. § 112 (first paragraph).

### III. GeoTag Has Not Adduced Any Evidence that Any of the "Dynamic Replication" Claim Limitations Are Met.

As the Court is familiar with these claims, only the portions germane to the "dynamic replication" limitations at issue in this letter brief are set out below:

1) Claim 1 is a system claim that requires: "<u>a database of information organized into a hierarchy of geographical areas wherein entries corresponding to each one of said hierarchy of geographical areas</u> is further organized into topics", "<u>said search engine further configured to select one of *said* hierarchy of geographical areas so as to provide a geographical search area</u>" and "<u>wherein within *said* hierarchy of geographical areas at least one of said entries associated with a broader geographical area is dynamically replicated into at least one narrower geographical area</u>, said search engine further configured to search said topics within said selected geographical search area." (*emphasis added*);

2) Claim 20 is a machine claim that requires: "said database of information <u>organized into a predetermined hierarchy of geographical areas comprising at least a geographical area of relatively smaller expanse and a geographical area of relatively larger expanse, said area of larger expanse including a plurality of areas of smaller expanse</u>", "<u>said search engine configured to select at least one geographical area in *said* hierarchy of geographical areas so as to define a geographical search area</u>" and "<u>at least one of said entries in *said* geographical area of relatively larger expanse is dynamically replicated into at least one of *said* geographical areas of smaller expanse.</u>" (*emphasis added*); and

3) Claim 31 is a method claim that requires: "<u>organizing a database of on-line information into a plurality of geographical areas</u>," "<u>directing a search engine . . . to select one or more of *said* geographical areas so as to select a geographical search area</u>" and <u>dynamically replicating an entry from broader geographical area into *said* geographical search area.</u>" (*emphasis added*)

As is clear from the claim extracts, the claims, and the Court's claim construction opinion, the dynamic replication of entries must occur within the geographical areas which exist in the database before the geographical search area is selected by the search engine. More specifically, the claims all require that at least one entry associated with a broader or larger geographical area in the existing hierarchy or plurality of geographical areas in the database (that exist in the database before the geographical search area is selected by the search engine) be replicated into at least one narrower geographical area (claim 1), into at least one of said geographical areas of smaller expanse (claim 20), or into said geographical

search area (claim 31) in the existing hierarchy or plurality of the geographical areas (that exist in the database before the geographical search area is selected by the search engine). The evidence produced in this case makes clear that the Moving Defendants do not dynamically replicate any entry into any of the existing geographical areas in the database. For this reason, GeoTag cannot show that there is a genuine dispute of material fact with respect to the dynamic replication claim limitations, and summary judgment should be granted.

The Court's opinion and order construing the disputed terms of the claims made even clearer what was already clear from the plain claim language—the Moving Defendants do not infringe as a matter of law. The Court's claim construction opinion confirms that dynamic replication must occur within the specified existing geographical areas in the database. The Court construed "dynamically replicated" to mean "automatically copied or inherited, within the database, at the time needed rather than at a time decided or established in advance." (Mem. Op. and Order 25-26.) In the course of agreeing with the defendants that dynamic replication occurs "'into a geographical area in the database,' rather than in the displaying of search results," the Court specifically relied on the requirement that dynamic replication "is recited as 'within said hierarchy of geographical areas,' which in turn is recited as being a feature of the database." (Mem. Op. and Order 24-25).

The Court also specifically rejected GeoTag's numerous attempts to separate dynamic replication from the existing geographical areas in the database. In construing the phrases "broader geographical area," "narrower geographical area," "area of relatively larger expanse," and "area of relatively smaller expanse," the Court expressly rejected GeoTag's argument that these terms are distinct from the hierarchy of geographical areas and held that such an argument is "contrary to the plain language of the claims." (Mem. Op. and Order 67.) Similarly, in construing "geographical search area," which is the area into which an entry is copied or inherited in claim 31, the Court rejected GeoTag's argument that the geographical search area is not necessarily within the database because, "as noted regarding the 'dynamically replicated terms,' the geographic areas are recited by the claims as being within the database." (Mem. Op. and Order 43.) This is further reinforced by the Court's construction of the "geographical search area" to mean "the particular selected geographical area within the database for which the associated data records in the database are to be searched." *Id.* Thus, it is clear that dynamic replication has to occur into specific existing geographical areas within the database, and that those geographical areas already exist within the database before the geographical search area is selected by the search engine.

GeoTag has no evidence that any Moving Defendant's accused locator functionality automatically copies or inherits any entry associated with a broader or larger geographical area in the existing hierarchy or plurality of geographical areas in the database (that exist in the database before the geographical search area is selected by the search engine) into at least one narrower geographical area (claim 1), into at least one of said geographical areas of smaller expanse (claim 20), or into said geographical search area (claim 31) in the existing hierarchy or plurality of geographical areas (that exist in the database before the geographical search area is selected for searching by the search engine).  The Moving Defendants have either had their source code inspected by GeoTag, supplied it to GeoTag, made it available to GeoTag for inspection, or provided GeoTag with written notice that the relevant source code is in the exclusive possession of a third party.  If any Moving Defendant's locator functionality practiced dynamic replication as claimed, it would be clearly laid out in the source code.  Yet, no source code GeoTag has pointed to performs, or even allows, dynamic replication of any entry as explicitly required by the claims and the Court's claim construction.  Despite the fact that GeoTag has the burden of proving infringement, Defendants may, in some cases, nevertheless submit short declarations during the summary judgment briefing for further support.

## IV.  Conclusion

GeoTag has failed to identify any source code for any of the Moving Defendants that performs any dynamic replication as required by the claims and the Court's claim construction.  The Moving Defendants' accused locator functionalities simply do not and cannot perform the dynamic replication claim limitations. GeoTag therefore cannot make a showing sufficient to establish a genuine dispute of material fact as to the infringement of the dynamic replication claim limitations by the Moving Defendants' locators.  Thus, the Moving Defendants respectfully request that they be allowed to file a motion for summary judgment of non-infringement on this ground.

Respectfully submitted,

*/s/ Bill Schuurman*

Bill Schuurman

The Moving Defendants are, in alphabetical order, the following defendants:

V&E

1. 7-Eleven, Inc.
2. Abercrombie & Fitch Co.
3. Academy Ltd.
4. Ace Hardware Corporation
5. Advance Auto Parts, Inc.
6. Advance Stores Company, Inc.
7. Aeropostale, Inc.
8. AGCO Corporation
9. AMERCO
10. America Greetings Corporation
11. American Apparel
12. American Eagle Outfitters, Inc.
13. Ann Inc. (job locator)
14. Applied Industrial Technologies, Inc.
15. Aromatique, Inc.
16. AS America, Inc.
17. ASICS America Corp.
18. AutoNation, Inc.
19. Avis Budget Group, Inc.
20. Avis Rent A Car System, LLC
21. Babiesrus.com, LLC
22. Bally Total Fitness Corp.

23. Banana Republic LLC (job locator)
24. Bare Escentuals, Inc.
25. Barnes & Noble, Inc. (job locator)
26. BestBuy.Com LLC
27. BJ's Wholesale Club, Inc.
28. Brookstone Company, Inc.
29. Burberry Limited
30. Cabela's, Inc.
31. Cache, Inc.
32. Carhartt, Inc.
33. Carr-Gotstein Foods Co.
34. Caterpillar Inc.
35. Chanel, Inc.
36. Charlotte Russe, Inc.
37. Charming Shoppes Inc.
38. Chick-Fil-A, Inc.
39. Christian Dior Perfumes, LLC
40. Christopher & Banks Corp.
41. CHRISTUS Health a/k/a CHRISTUS Health Non-Profit Corp. & CHRISTUS Health Foundation
42. Cinemark Holdings, Inc.
43. Cinemark USA, Inc.

V&E

44. CityGrid Media LLC

45. Citi Trends, Inc.

46. Claire's Stores, Inc.

47. Clark Equipment Company d/b/a Bobcat Company (job locator)

48. Columbia Sportswear Company

49. Columbia Sportswear North America, Inc.,

50. Columbia Sportswear USA Corp.

51. Conn Appliances, Inc.

52. Cost Plus, Inc.

53. Costco Wholesale Corp.

54. Crabtree & Evelyn, Ltd.

55. Craftmaster Manufacturing, Inc.

56. Crocs Inc.

57. Cummins, Inc.

58. Curves International, Inc.

59. David's Bridal Inc.

60. Deere & Co.

61. Delia's, Inc.

62. Dex One Corporation

63. Dick's Sporting Goods, Inc.

64. Diesel U.S.A. Inc.

65. Dollar Rent A Car, Inc.

V&E

66. Dollar Thrifty Automotive Group, Inc.
67. Dollar Tree, Inc.
68. Donna Karan International, Inc.
69. Dots LLC
70. DSW
71. E-Advance, LLC
72. Eddie Bauer LLC
73. eMove, Inc.
74. Enterprise Holdings, Inc.
75. Esprit US Retail Limited
76. Eyemart Express, Ltd.
77. Forever 21 Retail, Inc.
78. Formal Specialists Ltd.
79. Frederick's of Hollywood
80. Gander Mountain Company
81. General Nutrition Centers, Inc.
82. General Nutrition Corporation
83. Genesco Inc.
84. Genuardi's Family Markets LP
85. Geoffrey, LLC
86. Godiva Chocolatier, Inc.
87. Gold's Gym International, Inc.

V&E

88. Graco, Inc.

89. Group 1 Automotive

90. Groupe Dynamite, Inc.

91. GSI Commerce, Inc.

92. Guess? Retail Inc.

93. H&M Hennes & Mauritz L.P.

94. Haggar Clothing Co.

95. Haggar Direct, Inc.

96. Hallmark Cards Incorporated

97. Hanesbrands Inc.

98. Heeling Sports, Ltd.

99. Herman Miller, Inc. (job locator)

100. Hibu Inc. f/k/a Yellowbook USA, Inc.

101. Hot Topic, Inc.

102. Home Advisor, Inc. f/k/a ServiceMagic, Inc.

103. Hugo Boss Fashions, Inc.

104. Intelius Inc.

105. Interstate Battery Systems of America, Inc.

106. J.Crew Group, Inc.

107. Jimmy Jazz E-Commerce, LLC

108. Jo-Ann Stores, Inc.

109. KFC Corporation

110. Kohler Co.

111. Kubota Tractor Corp.

112. L.A. Fitness International, LLC

113. Levi Strauss & Co.

114. Life Time Fitness, Inc.

115. Local Corporation f/k/a Local.com Corporation

116. Luxottica Retail North America Inc.

117. LVMH Moet Hennessy Louis Vuitton, Inc.

118. M.A.C. Cosmetics, Inc.

119. Macy's

120. Match.com, LLC

121. Match.com SN, LLC

122. Maurices Incorporated

123. MEE Accessories LLC f/k/a Marc Ecko Enterprises Accessories, LLC

124. MEE Apparel, LLC f/k/a Ecko Complex LLC

125. MEE Direct LLC f/k/a Ecko Direct, LLC d/b/a Marc Ecko Enterprises

126. Merle Norman Cosmetics

127. Mexican Restaurants, Inc.

128. Miele, Inc.

129. National Interlock

130. National Vision, Inc.

131. Nautica Retail USA, Inc.

132. Nike, Inc.

133. Nordstrom, Inc.

134. Old Navy LLC (job locator)

135. Patagonia, Inc.

136. Payless Car Rental System, Inc.

137. Payless Car Sales Inc.

138. People Media, Inc.

139. Petco Animal Supplies Inc. (job locator)

140. Petco Animal Supplies Stores, Inc. (job locator)

141. PetSmart Inc.

142. PetSmart Store Support Group, Inc.

143. Pizza Hut Inc.

144. Polo Ralph Lauren Corp.

145. PSP Group LLC

146. Quiksilver, Inc. d/b/a Roxy

147. Radio Shack Corp.

148. Ralph Lauren Media, LLC

149. Randall's Food and Drugs LP

150. Randall's Food Markets Inc.

151. Regis Corporation

152. Remington Arms Company, Inc.

153. Rhino Linings Corp.

V&E

154. Richemont North America, Inc. d/b/a Cartier

155. Rolex Watch USA, Inc.

156. Safeway, Inc.

157. Schlotzsky's Franchise LLC

158. Sephora USA, Inc.

159. Seven for All Mankind LLC

160. Spanx, Inc.

161. Spencer Gifts LLC

162. Sterling Jewelers, Inc. d/b/a Jared The Galleria of Jewelry d/b/a Kay Jewelers

163. STIHL Incorporated

164. Sunbelt Rentals, Inc.

165. TA Operating LLC

166. Taco Bell Corporation

167. Target Corp. (job locator)

168. TCF Co. LLC

169. The Cheesecake Factory Inc.

170. Terex Corp.

171. The Dress Barn, Inc.

172. The Gap, Inc.

173. The Rockport Company, LLC

174. The Sports Authority, Inc.

175. The Timberland Co. d/b/a Timberland Co.

176. The Yankee Candle Company, Inc.

177. Things Remembered, Inc.

178. Thrifty, Inc.

179. Toys "R" Us Delaware, Inc.

180. Toys "R" Us, Inc.

181. Toysrus.com, LLC

182. Trane U.S. Inc.

183. Trane, Inc.

184. U.S. Vision, Inc.

185. U-Haul International, Inc.

186. U-Haul Leasing & Sales Co.

187. Ulta Salon, Cosmetics & Fragrance, Inc.

188. Valspar Corp.

189. Van Cleef & Arpels, Inc.

190. Vanguard Car Rental USA, LLC

191. Vera Wang Bridal House Ltd.

192. VEW Ltd.

193. VF Corporation (job locator)

194. VF Jeanswear L.P.

195. VF Outdoor, Inc. d/b/a The North Face

196. Victorinox Swiss Army, Inc.

V&E

197. Viewsonic Corp.

198. Visionworks of America, Inc. f/k/a Eye Care Centers of America, Inc.

199. Vitamin Cottage Food Markets, Inc.

200. Wal-Mart Stores, Inc.

201. Web Team Associates, Inc.

202. Where2GetIt, Inc.

203. Yakira LLC

204. Yelp! Inc.