# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC.,<br>    Plaintiff,<br><br>          v.<br><br>FRONTIER COMMUNICATIONS<br>CORPORATION, *et al.*,<br>    Defendants. | Civil Action No. 2:10-CV-00265-JRG<br><br>CONSOLIDATED CASE |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO ALSTON & BIRD DEFENDANTS' OPPOSED MOTION TO EXTEND DISCOVERY DEADLINE FOR THIRD PARTY DEPOSITION OF ZASIS, LLC**

Plaintiff GeoTag, Inc. ("GeoTag") files this Surreply in Opposition to Alston & Bird Defendants' Opposed Motion to Extend Discovery Deadline for Third Party Deposition of Zasis, LLC (Dkt. 772).

Defendants' Reply Brief begs two questions: (1) what relevance does an alleged former shareholder and former lien holder have to this patent infringement litigation? And (2) why are Defendants not willing to agree to GeoTag's reasonable requests to have Zasis disclose their witness prior to the deposition, allow GeoTag an equal opportunity to examine Zasis, disallow speaking objections, or allow GeoTag to call the Court in the event of a dispute? Defendants' strenuous protests to allowing a fair deposition, and Defendants' failure to explain what relevant information Zasis could possibly know demonstrate that GeoTag's concerns regarding the Zasis deposition are well founded.

## I.   DEFENDANTS SEEK DISCOVERY OF IRRELEVANT INFORMATION

Other than alleging that Zasis is an alleged former shareholder and former lienholder, Defendants do not provide any basis for contending that Zasis may have any information

relevant to the patent infringement litigation. Defendants have failed to attach any documentation supporting their assertion that Zasis has knowledge of relevant facts.

Furthermore, Zasis was not involved in the M2 Global vs. CityHub or CityHub vs. Veenstra lawsuits. The Alston Defendants have not demonstrated that Zasis had any involvement in those ancillary lawsuits.

The Alston Defendants continue to seek discovery of tangential and ancillary issues which are not relevant to the patent infringement issues in this litigation. During the recent deposition of the patent inventor's wife, the Defendants asked questions on the following irrelevant topics: Jason Galanis' relationship to the online porn industry, a medical clinic in Mexico, the family farm in Michigan, and the wife's cosmetics business.

GeoTag anticipates the Defendants will continue their pattern of seeking discovery of ancillary issues which are not relevant, nor likely to lead to the discovery of admissible evidence in this patent infringement litigation. For example, in their Reply Brief, Defendants failed to advise the Court of the *reason* why the alleged shareholder lawsuits were dismissed. GeoTag voluntarily dismissed the Northern District of Texas lawsuits because of jurisdictional issues, not because of any ruling on the merits. Indeed, the alleged shareholders have never provided any evidence of ownership in the predecessor entities. Regardless, those ancillary issues are not relevant to the patent infringement litigation.

## II.   DEPOSITION CONDUCT RULES ARE NOT ARBITRARY

GeoTag has not attempted to "prevent", "obstruct" or "derail" the Zasis deposition, as claimed by the Alston Defendants. Instead, GeoTag objects to Defendants' attempt to depose an *alleged* former shareholder regarding irrelevant issues, after the close of discovery. If the deposition is permitted to proceed, GeoTag asks that reasonable rules be imposed to govern the conduct of the deposition. If the Defendants want to use the Zasis deposition testimony in this

litigation in the Eastern District of Texas, then the Local Rules and Orders from this District should apply to the third-party deposition.

During a similar third-party deposition in the related *Microsoft and Google vs. GeoTag* Delaware litigation, third-party Geomas (International) Limited's counsel Stuart Gross (the same attorney representing third-party Zasis) obstructed the deposition by:

a. Making extensive improper speaking objections (Mr. Gross made 4 objections during Microsoft's 4 hour 45 minute examination and 55 objections during GeoTag's 2 hour 15 minute examination);

b. consuming GeoTag's examination time by having the witness use deposition time on the record to review his own documents before answering simple questions; and

c. leaving the deposition while a question was pending and before GeoTag had the opportunity to complete its examination (Mr. Gross did not want his client to answer questions which disproved his client's baseless claims).

The deposition conduct rules requested by GeoTag are not "arbitrary" as suggested by the Alston Defendants. In order to prevent similar obstructionist tactics from being utilized during the Zasis deposition, GeoTag asks that reasonable rules be imposed to govern the conduct of the deposition, as required by the Federal Rules of Civil Procedure, the Local Rules and the Amended Scheduling Order:

a. Zasis is required to identify the testifying witness prior to the deposition. Fed.R.Civ. P. 30(b)(6) (attorney Stuart Gross refuses to identify corporate witnesses before depositions);

b. GeoTag and Defendants should each have 3.5 hours to examine the witness. Local Rule CV-30 provides that for a non-party witness, "the time limit shall be divided

evenly among plaintiffs and defendants." *See also* FRCP Advisory Committee Notes, 1993 and 2000 (fair apportionment of time);

c. Speaking objections are not permitted. Fed.R.Civ.P. 30(c)(2); FRCP Advisory Committee Notes (1993 and 2000); Local Rule CV-30; and

d. The parties are allowed to call the Court's discovery hotline if there is a dispute that requires immediate resolution during the deposition. Local Rule CV-26(e) and Amended Scheduling Order, p. 27.

## CONCLUSION

For the foregoing reasons, GeoTag respectfully requests that the Court deny Defendants' motion or, in the alternative, insure a fair opportunity for GeoTag to depose Zasis by ordering reasonable deposition conduct rules.


Dated:  August 16, 2013                    Respectfully submitted,


                                                */s/ David R. Bennett*
                                   By:   David R. Bennett
                                         Direction IP Law
                                         P.O. Box 14184
                                         Chicago, IL 60614-0184
                                         Telephone: (312) 291-1667
                                         e-mail:  dbennett@directionip.com

                                         Daniel Mount
                                         Kevin Pasquinelli
                                         Mount Spelman & Fingerman, PC
                                         333 West San Carlos Street
                                         Riverpark Tower, Suite 1650
                                         San Jose, CA 95110
                                         Telephone: (408) 279-7000
                                         e-mail: dan@mount.com
                                                         kpasquinelli@mount.com

                                          Craig Tadlock
                                          Texas State Bar No. 00791766
                                          Keith Smiley
                                          Texas State Bar No. 24067869
                                          Tadlock Law Firm

Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
Tadlock Law Firm
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Telephone: (903) 730-6789
e-mail: craig@tadlocklawfirm.com
        keith@tadlocklawfirm.com

ATTORNEYS FOR
PLAINTIFF GEOTAG, INC.

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that, on this the August 16, 2013, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

                                    */s/ David R. Bennett*
                                    David R. Bennett