IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC., | § | |
| *Plaintiff*, | § § § | |
| v. | § § | CASE NO. 2:10-CV-00265-JRG |
| FRONTIER COMMUNICATIONS CORP., *et al.*, | § § § | **LEAD CASE** |
| *Defendants*. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are various Defendants' Motions for Summary Judgment (Dkt. Nos. 899, 1095, 1098, 1099, 1100, 1101, 1104, 1106, 1107, 1111, and 1113). The Court held a hearing on these motions on November 8, 2013. The Court ruled from the bench on motions 899, 1098, 1104, 1106, and 1113, and carried for consideration motions 1095, 1099, 1100, 1101, 1107, and 1111. This opinion memorializes and explains those motions on which the Court ruled from the bench. The Court will rule on the remaining motions in writing at a later date.

**I. BACKGROUND**

Plaintiff GeoTag, Inc. ("GeoTag") asserts United States Patent No. 5,930,474 ("the '474 Patent"), titled "Internet Organizer for Accessing Geographically and Topically Diverse Information." The patent was issued on July 27, 1999. The Court has designated the above-captioned case as the lead case for numerous consolidated actions involving the same patent (Dkt. No. 380). The accused instrumentalities are web sites or mobile applications involving geographical data. With few exceptions, these fall into four broad categories: online "yellow

pages"-type sites that are designed to help consumers locate businesses near a geographical area; store-locator functionalities on the web sites of brick-and-mortar retailers; mobile store locator "apps"; and job locator sites that help potential applicants find nearby employment.

The Court held a *Markman* hearing to interpret the claims of the '474 patent on February 12, 2013. The Court released an Order with its claim constructions on February 25, 2013 (Dkt. No. 472).

## II. LEGAL STANDARDS

Summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). A "genuine issue" is an issue that "can be resolved only by a finder of fact because . . . [it] . . . may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 248. When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24. The Court must draw all reasonable inferences in favor of the non-moving party. *Monarch Knitting Machinery Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 880 (Fed. Cir. 1998).

A determination of infringement requires a two-step analysis. *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1476 (Fed. Cir. 1998). "First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process." *Id.* (quoting *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)). "Literal infringement requires that every

limitation of the patent claim be found in the accused device." *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 981 (Fed. Cir. 1997).

### III. MOTION 899

In Defendants' Motion for Summary Judgment of Non-Infringement for Defendants Who Provide Access to a Third Party Locator System Which Is Accused of Infringment (Dkt. No. 899), the moving defendants argue that they are entitled to summary judgment because Plaintiff has no evidence of infringement. Each of these Defendants' accused locators are owned and controlled by a third party vendor, from whom they allege GeoTag has not obtained source code. Furthermore, moving Defendants argue that GeoTag has not served them with infringement contentions referencing source code for any of their accused locators, and that GeoTag has not served an infringement expert report for any accused locator system. Finally, after the Court granted moving defendants permission to file this Motion, GeoTag filed a "Notice of Non-Assertion of Claims Against Job Locators" (Dkt. No. 873), notifying the Court that it will "no longer assert in this case the claims that GeoTag has previously asserted against Accused Instrumentalities comprising 'job locators' or 'career locators.'"

In response, GeoTag argues that the moving defendants should be treated in two categories. First, with respect to defendants seeking summary judgment of non-infringement with respect to their job locators, GeoTag argues that its Notice of Non-Assertion moots the case with respect to those locators, effectively making the Notice function as a voluntary dismissal without prejudice. Second, GeoTag argues that a triable issue of material fact exists with respect to the remaining accused instrumentalities.[1]

---

[1] GeoTag also notes that some moving Defendants have since settled their cases. Obviously, this Order does not affect moving defendants' whose cases have been dismissed. Because the Court announced this ruling from the bench and all parties should be aware of it for purposes of negotiating settlements, this Order *does* apply to any

A. <u>Job Locators</u>

With respect to accused job locators, GeoTag does not contend that it has enough evidence of infringement to establish a triable question of material fact. Instead, it argues that its notice of non-assertion dismisses the suit with respect to the non-asserted instrumentalities. However, a "Notice of Non-Assertion" is not one of the avenues for dismissal outlined by Federal Rule of Civil Procedure 41(a). That rule states that a plaintiff may dismiss a case without prejudice "before the opposing party serves either an answer or a motion for summary judgment" or after filing "a stipulation of dismissal signed by all parties who have appeared." *Id.* If a defendant has answered the Complaint and has not stipulated to dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.*

Requiring Court approval for dismissals after a defendant has answered serves the interests of justice. If plaintiffs could proceed with a case for months or even, as in this case, years, forcing defendants to incur legal fees, and then simply dismiss a suit at his or her option without prejudice to the case, then rogue plaintiffs could simply sue until it became clear that they were about to lose a case, dismiss the case, and then file it again, subjecting defendants to the same cycle of expense without ever prejudicing their legal interests.

When a plaintiff files suit in court, it manifests not only a claim of right, but a willingness to prove the validity of its claims and be bound by the result of the legal process. If, despite all the available tools provided by the law, Plaintiff cannot muster sufficient evidence to uphold a jury verdict in its favor, then moving defendants are entitled to final legal disposition of Plaintiff's claims. Here, they as for, and are entitled to, summary judgment of non-infringement

---

parties whose cases have been stayed pending settlement. However, the Court expects those cases to continue to file timely dismissal papers reflecting their agreed settlements.

with respect to the store locators mentioned in GeoTag's Notice of Non-Assertion (Dkt. No. 873-1).

### B. Mobile Locators

Defendants also argue that GeoTag lacks sufficient evidence to prove infringement against several mobile store locators. Defendants allege that GeoTag did not review source code for these mobile locators, nor provide infringement contentions referencing source code. GeoTag, in contrast, asserts that it *did* serve claim charts on the accused instrumentalities, and discuss them in its expert reports. It argues that the accused instrumentalities are merely the accused web store locators accessed through mobile browsers, rather than separate mobile platforms for store locators, and that these locators share source code with web locators analyzed in detail. Defendants argue in reply that the accused instrumentalities are actually separate mobile applications or special mobile versions of web sites, whose code GeoTag has not reviewed.

Having considered the briefing and oral arguments closely, the Court holds that Defendants Aeropostale, Inc., Crabtree 7 Evelyn, Ltd., Dick's Sporting Goods, Inc., General Nutrition Corporation and General Nutrition Centers, Inc., Geoffrey, LLC, Toys "R" US Inc., Toysrus.com, LLC, Toys "R" US-Delaware, Inc., Babiesrus.com, LLC, Quiksilver, Inc., and The Sports Authority, Inc. have not met their burden of establishing that no triable issue of material fact exists. The evidence produced to support their claims suggests that Plaintiff will have a difficult time proving its case; however, it does not establish conclusively that GeoTag cannot prove that the accused instrumentalities share common infringing mechanisms with the moving defendants' website locators.

## IV. MOTION 1098

Defendants argue in their Motion for Summary Judgment of Invalidity Based on Lack of Written Description (Dkt. No. 1098) that the specification of the '474 patent does not demonstrate possession of the "dynamic replication" limitation of the patent's claims. The Court has construed "dynamically replicated" to mean "automatically copied or inherited, within the database, at the time needed rather than at a time decided or established in advance" (Dkt. No. 472, at 25). Defendants argue that the specification describes only the dynamic generation of displays, rather than replication within the database.

35 U.S.C. § 112 requires that the specification of a patent must contain a written description of the invention. This description must "'clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed.' . . . In other words, the test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharmaceuticals, Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (quoting *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1562-63 (Fed. Cir. 1991)) (brackets in original). The written description requirement presents an issue of fact. *Id.* Because of the presumption of validity that attaches to an issued patent, invalidity for lack of written description must be proven by clear and convincing evidence. *Id.* at 1354.

As evidence for the proposition that the patent's written description would not demonstrate possession to a person of ordinary skill in the art, Defendants present only attorney argument that the patent describes only dynamic generation of displays. Though the Court is not prepared to rule that an expert declaration is *required* for summary judgment of this type, in this case Defendants have not carried their burden. The Court's *Markman* Order cited to passages in the specification discussing dynamic creation of HTML documents in a user's browser (Dkt. No.

472, at 23). It also specifically rejected an interpretation of the term "database" that excluded a database integrated with a user's browser. *Id.* at 11. Defendants' argument, in the absence of expert testimony, is that it is logically impossible for the specification's discussion of the dynamic creation of HTML pages to be replication "within the database." The Court's *Markman* Order, however, undercuts this argument, at least sufficiently to find that Defendants have not carried their burden of proving the absence of a triable issue of material fact.

Defendants also argue that the "automatically inherited" language of the patent cannot prove possession of dynamic replication because the automatic inheritance described happens during data entry. Though Defendants cite to the specification for this proposition, it is hardly self-evident from the patent whether a person of ordinary skill in the art would understand the automatic inheritance referred to in the specification as happening "when needed" rather than "in advance." *See* '454 Patent at 19:29-36; 23: 14-51.

Therefore, Defendants have failed to establish that no triable issue of material fact exists as to whether the '454 patent adequately demonstrates possession of the invention.

## V. MOTION 1104

As confirmed by agreement of the parties, The Microsoft Customers' Motion for Summary Judgment of Non-Infringement (Dkt. No. 1104), is moot because the moving defendants have all reached settlement with Plaintiff GeoTag.

## VI. MOTION 1106

In Defendants' Motion for Summary Judgment of Non-Infringement Based on Disavowal of the Job Locator Functionality (Dkt. No. 1106), Defendants argue that the intrinsic record demonstrates that the patentee of the '474 patent disavowed any claim scope that might cover job

locator systems, and that their accused locators (those that remain after the disposition of Motion 899, *supra*) fall within the scope of GeoTag's disavowal.

The claims of a patent, rather than the specification, determine the boundaries of the invention. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005). "[A]n inventor may use the specification to intentionally disclaim or disavow the broad scope of a claim," but "this intention must be clear." *Conoco, Inc. v. Energy & Environmental Intern., L.C.*, 460 F.3d 1349, 1357-58 (Fed. Cir. 2006).

It is true that the specification of the '474 patent distinguishes "systems which have geographically differentiated listings for the same topic (such as job search databases which include information about jobs in different cities), since these listings are primarily related to the topic (e.g., jobs), not to the geographical area." '474 Patent, 5:61-65. This distinction is not a clear, intentional disavowal of all job locator systems, however. Rather, it is an illustration of a preferred embodiment of the invention that organizes information primarily by geographical area rather than by topic.

Even if the Court were to find an intentional disavowal, it would be a very narrow one. By its terms the specification distinguishes only job locators whose listings "are primarily related to the topic (e.g., jobs), not to the geographical area." Whether the accused locators fell within these confines would be a matter of fact for the jury to decide, and the moving defendants would not be entitled to summary judgment of non-infringement.

Defendants are thus not entitled to summary judgment of non-infringement based on the patentee's alleged disavowal of all job locator functionality.

**VII. MOTION 1113**

Finally, Defendants' Motion for Summary Judgment Related to Laches (Dkt. No. 1113) asks the Court to grant summary judgment based on the moving defendants' assertion that Plaintiff has unreasonably delayed bringing suit, thus prejudicing the adverse party.

In order to prevail on a defense of laches, the defendant must prove that "(1) the Plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and (2) the delay operated to the prejudice or injury of the defendant." *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1010, 1032 (Fed. Cir. 1992). When six years of delay have elapsed, unreasonable delay and material prejudice are both presumed. *See Wanlass v. General Elec. Co.*, 148 F.3d 1334, 1337 (Fed. Cir. 1998).

The presumptions of unreasonable delay and prejudice are, however, rebuttable. Defendants produce evidence that GeoTag knew or should have known of their accused instrumentalities more than six years before filing the instant lawsuit. GeoTag, for its part, offers evidence of circumstances which might excuse the delay. The Court finds that material facts concerning Defendants' laches defense are disputed and require further investigation. If necessary, the Court will make a full factual inquiry into Defendants' laches claims at a later date. For the present, moving defendants have not presented sufficient evidence to show that they are entitled to summary judgment of laches without further factfinding.

**VII. CONCLUSION**

In accordance with the opinion above, Defendants' Motion for Summary Judgment of Non-Infringement for Defendants Who Provide Access to a Third Party Locator System Which Is Accused of Infringement (Dkt. No. 899) is **GRANTED** with respect to the accused

instrumentalities named in Plaintiff's Notice of Non-Assertion (Dkt. No. 873) and **DENIED** with respect to all other accused instrumentalities.

Defendants' Motion for Summary Judgment of Invalidity Based on Lack of Written Description (Dkt. No. 1098) is **DENIED**.

The Microsoft Customers' Motion for Summary Judgment of Non-Infringement (Dkt. No. 1104) is **DENIED AS MOOT**.

Defendants' Motion for Summary Judgment of Non-Infringement Based on Disavowal of the Job Locator Functionality (Dkt. No. 1106) is **DENIED**.

Defendants' Motion for Summary Judgment Related to Laches (Dkt. No. 1113) is **DENIED**.

**So Ordered and Signed on this**

**Jan 13, 2014**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE