IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC., | § | |
| *Plaintiff*, | § § § § | |
| v. | § § | CASE NO. 2:10-CV-00265-JRG |
| FRONTIER COMMUNICATIONS CORP., *et al.*, | § § § | **LEAD CASE** |
| *Defendants*. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Motion for Summary Judgment of No Infringement for Customer Defendants with Fully-Hosted Locators Provided by Third Party (Dkt. No. 1111) and Defendants' Motion for Summary Judgment of No Direct Infringement of Claims 1 and 31 and Their Asserted Dependent Claims (Dkt. No. 1107). The Court held a hearing on these motions on November 8, 2013. For the reasons outlined below, the Court finds that these motions should be and hereby are **DENIED**.

I.  BACKGROUND

Plaintiff GeoTag, Inc. ("GeoTag") owns United States Patent No. 5,930,474 ("the '474 Patent"), titled "Internet Organizer for Accessing Geographically and Topically Diverse Information." The patent was issued on July 27, 1999. The accused instrumentalities in this case are web sites or mobile applications involving geographical data. With few exceptions, these fall into four broad categories: online "yellow pages"-type sites that are designed to help consumers locate businesses near a geographical area; store-locator functionalities on the web sites of brick-

and-mortar retailers; mobile store locator "apps"; and job locator sites that help potential applicants find nearby employment.

Two groups of defendants present the motions at issue here. Defendants urging Motion No. 1111 are retailers who claim that their store locators are "fully hosted," i.e., that the moving defendants "do not in any way host, operate, design or otherwise control the accused locator technology" (Dkt. No. 1111, at 1). Their argument is, essentially, that they do not make or use the accused technology, and do not practice any of the limitations of the claims of the patent, and thus cannot infringe the patent. Defendants urging Motion No. 1107, in contrast, do not have "fully hosted" locators. These defendants make a more limited argument that they do not practice *some* of the limitations of the patent, and are thus entitled to summary judgment of no direct infringement with respect to claims 1 and 31 of the '474 Patent.

## II. LEGAL STANDARDS

Summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). A "genuine issue" is an issue that "can be resolved only by a finder of fact because . . . [it] . . . may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 248. When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24. The Court must draw all reasonable inferences in favor of the non-moving party. *Monarch Knitting Machinery Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 880 (Fed. Cir. 1998).

A party directly infringes a patent if it makes, uses, sells, or offers to sell any patented invention. 35 U.S.C. § 271(a). "[F]or a party to be liable for direct infringement under 35 U.S.C. § 271(a), that party must commit all the acts necessary to infringe the patent, either personally or vicariously." *Akamai Tech., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307 (Fed. Cir. 2012) (en banc). To "make" a patented invention, the infringer must "combine all of the claim elements" in the infringing product. *Centillion Data Systems, LLC v. Qwest Commc'ns Intern., Inc.*, 631 F.3d 1279, 1288 (Fed. Cir. 2011). However, a party may nonetheless "make" a product vicariously, by acting through agents under the party's direction or control. *See Akamai*, 692 F.2d at 1307. A party may "use" a system if it "control[s] the system and obtains benefit from it." *Centillion*, 631 F.3d at 1284. The Federal Circuit distinguishes "use" under § 271(a) and "supplying . . . software for . . . customer use." *Id.* However, as with the "make" prong, a party may nonetheless "use" a patented invention vicariously when it acts through agents or contracting third parties. *Id.* To infringe a method claim, "the accused infringer must perform all the steps of the claimed method," again either personally or through parties under its direction or control. *Akamai*, 692 F.3d at 1301.

### III. ANALYSIS

#### A. Fully Hosted Locators

Defendants with fully-hosted locators argue that they are not liable for *any* direct infringement because they make, use, or perform *none* of the limitations of the asserted claims. Rather, they suggest that, if anyone is infringing Plaintiff's patent, it is the third-party locators. Plaintiffs respond that, first, the moving defendants contractually direct and control the third-party locators, and thus may be held liable for infringement; and, second, that even if the moving defendants do not direct and control their respective web hosts, they nonetheless "use" the

system and apparatus described in Claims 1 and 20. In reply, the moving defendants argue that Plaintiff cannot produce evidence sufficient to prove its arguments.

The Court is properly reluctant to grant summary judgment on the sole basis of a lack of evidence. Ordinarily, it is the jury rather than the Court that should weigh evidence and make determinations of fact. Clearly, the parties here dispute the material facts of this case. Plaintiff contends that, at trial, it can and will prove that the moving defendants infringed the '474 patent, either by directing and controlling a third party with respect to the accused instrumentalities or by using the accused locator systems directly. The Court is not now prepared to say that Plaintiff has provided so little evidence that it should be denied its day in court. The question now presented is not whether Plaintiff has adequately proven a fact but rather whether a question of material fact has been raised. This Court finds that it has.

B. Partially Hosted Locators

Defendants with partially-hosted locators argue first that they do not "make" the system in Claim 1 because "Moving Defendants do not provide the [i]nternet." Plaintiff responds, first, that the internet is not itself a limitation of Claim 1, and that moving defendants to some extent meet the "plurality of computers" limitation even in the absence of the internet; second, that the moving defendants make the accused system because they contract with an internet service provider to connect the accused systems to the internet; and third, that in the absence of explicit requirements for a client-side element, none is required. Each of these arguments is sufficient to establish that a material fact issue exists. *See, e.g.*, *Clear with Computers LLC v. Hyundai Motor Am., Inc.*, 2011 WL 2436535 (E.D. Tex. June 14, 2011).

Moving defendants also argue that they do not "use" the system claimed in Claim 1 because "[t]o the extent anyone 'uses' the claimed system of Claim 1, it is the end-users."

4

Defendants, they argue, do not "put[] every element collectively into service." *Centillion Data Systems, LLC v. Qwest Commc'ns Intern., Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011). Plaintiffs argue that the limitations of Claim 1, which do not by their terms require an end user, are "put into service" by the moving defendants' respective web sites, rather than by end users. The Court agrees that Plaintiff has established a triable issue of material fact here. *Cf. Clear with Computers*, 2011 WL 2436535; *Soverain Software LLC v. J.C. Penney Corp.*, 899 F. Supp. 2d 574 (E.D. Tex. 2012) (both holding that claimed systems were put into service by system architects rather than end users).

Finally, the moving defendants argue that they do not perform each step of Claim 31, because end users rather than Defendants perform the "directing a search engine" claim. Defendants argue that the claim by its terms requires no action from an end user, and that the moving defendants themselves direct the search engine through the operation of the accused instrumentality. The Court has not interpreted "directing" the search engine to require input from an end user. *See* Dkt. No. 472. Plaintiff has established that a material issue of fact exists.

## IV. CONCLUSION

In accordance with the reasons set forth above, Defendants' Motion for Summary Judgment of No Infringement for Customer Defendants with Fully-Hosted Locators Provided by Third Party (Dkt. No. 1111) and Defendants' Motion for Summary Judgment of No Direct Infringement of Claims 1 and 31 and Their Asserted Dependent Claims (Dkt. No. 1107) are hereby **DENIED**.

**So ORDERED and SIGNED this 29th day of January, 2014.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE