# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., § § § *Plaintiff*, § § *v.* § § FRONTIER COMMUNICATIONS CORP., § *et al.*, § § *Defendants*. § | CASE NO. 2:10-CV-00265-JRG **LEAD CASE** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment of Non-Infringement Based on Lack of Topical Organization and/or Searchable Topics (Dkt. No. 1099), filed September 23, 2013. The moving defendants argue that no triable issue of material fact exists as to whether their accused products practice limitations of U.S. Patent No. 5,930,474 ("the '474 Patent") requiring topical organization of a database and topical searches. The Court held a hearing on this motion on November 8, 2013, at which the Court indicated that the motion would be taken under advisement. Having considered the briefing and the arguments of both sides, the Court now finds that the motion should be and is hereby **DENIED**, for reasons set forth below.

### I. BACKGROUND

The '474 Patent, titled "Internet Organizer for Accessing Geographically and Topically Diverse Information," was issued on July 27, 1999. Its claims relate to a method, system, and apparatus for searching information both topically and geographically, wherein information relevant to one geographical area is "dynamically replicated" into a database relevant to another

geographical area. The accused instrumentalities in this case are web sites or mobile applications involving geographical data. With few exceptions, these fall into four broad categories: (a) online "yellow pages"-type sites that are designed to help consumers locate businesses near a geographical area; (b) store-locator functionalities on the web sites of brick-and-mortar retailers; (c) mobile store locator "apps"; and (d) job locator sites that help potential applicants find nearby employment.

Independent Claims 1, 20, and 31, all asserted in this suit, each require that database entries corresponding to particular geographic areas be organized "into topics" or "into one or more topics" within the database. The Court has determined that the term "topic" should be given its plain meaning in the context of the patent (Dkt. No. 472, at 62). Claims 1 and 20 also require a search engine "configured to search geographically and topically."

In his expert report, GeoTag's infringement expert identifies database entries such as store addresses, phone numbers, or store hours as "topical" information meeting the limitations requiring topical organization of the accused databases. He argued that accused store locators met "topical search" limitations, either by searching directly on the basis of "topics" such as the availability of certain store features, e.g., a grocery store with pharmacy facilities, or by searching "implicitly," for instance, by automatically returning data as to store hours when a user searches geographically.

## II. LEGAL STANDARDS

Summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248-55 (1986).  A "genuine issue" is an issue that "can be resolved only by a finder of fact because . . . [it] . . . may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 248.  When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial.  *Celotex*, 477 U.S. at 323-24.  The Court must draw all reasonable inferences in favor of the non-moving party.  *Monarch Knitting Machinery Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 880 (Fed. Cir. 1998).

### III. ANALYSIS

Moving defendants argue that they do not infringe as a matter of law because no reasonable jury could find that Defendants' databases meet the topical organization and search requirements of the '474 patents, in spite of Plaintiffs' expert's testimony that those limitations are in fact met. Though the mere *ipse dixit* of an expert witness is not, by itself, sufficient to establish a triable issue of material fact, the Court is reluctant to grant summary judgment over an expert's infringement testimony unless the expert's methodology is clearly flawed, his or her conclusions are legally insufficient to support a verdict, or her conclusions are clearly unreasonable. Here, it is by no means clear that none of the "topics" cited in Plaintiff's expert reports are adequate to sustain a finding that the topical organization limitations are met. Similarly, a reasonable jury could find that "implicit" database searches fulfill the requirements of the '474 patent. The Court is not prepared to find that Plaintiff's infringement theories are so unreasonable that they should not reach a jury.

## IV. CONCLUSION

The moving defendants have failed to carry their burden of proving that there is no triable issue of material fact with respect their cases. Accordingly, Defendants' Motion (Dkt. No. 1099) should be and is hereby **DENIED**.

**So Ordered and Signed on this**

**Jan 29, 2014**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE